366 So.2d 859 (1979)
NEW YORK LIFE INSURANCE COMPANY, Appellant,
v.
Roberto NESPEREIRA, Appellee.
No. 77-1896.
District Court of Appeal of Florida, Third District.
January 30, 1979.
Shutts & Bowen and William J. Gallwey, III, Miami, for appellant.
Samuel J. Hannon and Howard Mark Furmon, Miami, for appellee.
Before HENDRY, J., and CHARLES CARROLL (Ret.), and TYSON, Jr., ROBERT W., Associate Judges.
PER CURIAM.
This appeal concerns the correctness of a final judgment entered in favor of appellee/plaintiff on a counterclaim filed by appellant/defendant for the cancellation and rescission of an insurance policy issued to appellee by appellant.[1]
Stated very briefly, appellant sought to rescind a disability income policy of insurance it had issued to appellee because of "material misrepresentations made by plaintiff which were false and known by plaintiff to be false." In particular, it was alleged that appellee had failed to inform appellant (by way of responses to questions on the application for insurance) that he had been treated by a certain physician for almost three years prior to his application for coverage. This treating physician testified that appellee had been suffering from "reactive depression and mild hypertension." He further testified that he had prescribed various diuretics and an antidepressant as medication for appellee. In addition, the record reveals that appellee complained to his physician of heart palpitations, shortness of breath and back pain during this period.
In sum, appellee visited his physician sixteen times within the above three year period preceding his application for insurance. In fact, appellee saw his physician for the seventeenth time just two days following *860 his application for insurance. Neither the sixteen visits nor the prescribed drugs were mentioned by appellee in the application. When appellee sought compensation arising from a work-related back injury, appellant routinely investigated the claim and discovered the aforementioned visits to the physician. The policy was then rescinded and the premiums returned to appellee.
It is uncontradicted that appellee failed to report his visits to the physician in his responses to the questions on the application for insurance and equally failed to mention that he had been taking anti-depression medication. It is also uncontradicted that appellant would not have issued the policy had it been aware of appellee's condition, or, if it would have issued the policy, would have done so at a higher premium.
The trial court, following argument of counsel, ruled for appellee in "... not rescinding the contract." As its findings of fact and conclusion of law, the trial judge stated:
"I do find that the insured, whatever his background was, did make a false representation to the insurance company on his application. However, the false knowledge dealt with a point, to-wit: his obesity, that was easily discernible by the testimony of the doctor put on by the insurance company. They were then under a duty to make further inquiry as to whether they would insure him or not."
The applicable statute which controls this appeal is Section 627.409(1), Florida Statutes (1977), which provides:
"(1) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
"(a) Fraudulent; or
"(b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
"(c) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."
Clearly, appellee made false representations to appellant. The trial judge so found and we concur. The trial court, however, limited the finding to a false representation of obesity which was "easily discernible" by the insurer and, as such, placed the insurer under a duty to make further inquiry.
Appellee's misrepresentation was far more extensive than "obesity." Appellee failed to truthfully respond to such general questions as whether, in the past five years, appellee had "consulted any physician or practitioner for any reason, including routine or checkup examination." Further, even if appellee's obesity was easily discernible,[2] it is our opinion that appellant had the right to rely on appellee's representation of his weight, and thus, was not under a duty to further inquire. New York Life Insurance Company v. Kay, 251 So.2d 544 (Fla. 3d DCA 1971); 12 Appelman, Insurance and Practice, § 7292; see also State Farm Mutual Automobile Insurance Co. v. Riffe, 325 F. Supp. 190 (S.D.W.Va. 1971). In addition, appellee's obesity was not the basis for appellant's rescission of the policy. Rather, appellant rescinded the policy of insurance because of appellee's false representation as to his history of depression.
*861 The law is well settled that if the misrepresentation of the insured were material to the acceptance of the risk by the insurer or, if the insurer in good faith would not have issued the policy under the same terms and premium, then rescission of the policy by the insurer is proper. Travelers Insurance Company v. Zimmerman, 309 So.2d 569 (Fla. 3d DCA 1975); Section 627.409(1), Florida Statutes (1977).
After a careful review of the record, it is our opinion that appellee's material misrepresentations provided appellant with the grounds to rescind the policy. Accordingly, the judgment appealed from is reversed and the cause remanded with directions to enter judgment in favor of appellant.
Reversed and remanded with directions.
NOTES
[1] The second amended complaint of appellee was dismissed for lack of prosecution and is not part of this appeal.
[2] Appellee, who was approximately six feet in height, did not appear in court. Appellant's agent did testify, however, that when appellee applied for the policy, he represented that he weighed one hundred, ninety-four pounds. This figure was approximately thirty pounds less than appellee's actual weight. The agent further testified that, even though appellee underestimated his weight by some thirty pounds, appellee did not look overweight.