402 So.2d 1193 (1981)
Wellington E. BENEBY, Appellant,
v.
MIDLAND NATIONAL LIFE INSURANCE COMPANY, Appellee.
No. 80-1122.
District Court of Appeal of Florida, Third District.
July 7, 1981.
Rehearing Denied September 22, 1981.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, George P. Telepas, Gilmour, Morgan & Rosenblatt, Miami, for appellant.
Dixon, Dixon, Hurst, Nicklaus & Webb and H. Clay Roberts, Miami, for appellee.
Before SCHWARTZ and NESBITT, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
NESBITT, Judge.
Appellant who was beneficiary of his wife's life insurance policy, seeks reversal of a summary final judgment entered in favor of the insurer on its affirmative defense that the misrepresentations of fact, which were material to the acceptance of the risk, vitiated the policy.[1] We reverse.
The insured personally signed the application on May 3, 1976. Hospital and medical records presented in the insurer's motion *1194 for summary judgment most assuredly established the decedent as a chronically ill and disease-ridden person. The insurer's agent testified that he marked the answers with the insured who gave responses to the questions read to her from the policy which indicated she did not have a history of illness. The deposition testimony of the decedent's husband is quite to the contrary. If believed, his version was that the agent hurried through the application and the only input the insured made was to sign an unread application.
We commence our analysis of this decision by observing that the parole evidence rule does not apply to insurance applications. 18A Fla.Jur. Insurance § 1010. The trial judge was apparently led into error because this principle was not brought to his attention. Given the inapplicability of the parol evidence rule and the factual dispute before the court, it is readily apparent that summary judgment was improvidently issued. The general rule is that factual issues pertaining to misrepresentations on an application for insurance are properly within the province of the trier of fact. Aetna Life Insurance Company v. Sievert, 361 So.2d 747 (Fla. 1st DCA 1978); Underwriters National Assurance Company v. Harrison, 338 So.2d 58 (Fla. 3d DCA 1976). This case is similar to the factual pattern presented in Travelers Insurance Company v. Zimmerman, 309 So.2d 569 (Fla. 3d DCA 1975) where we recognized that: (1) the extent of questions asked by an insurance agent; (2) the accuracy of answers given by the prospective insured; and (3) the scope of the insured's alleged misrepresentations, normally constitute disputed questions of fact to be resolved by the trier of fact irrespective of how palpably false or material the representations may be.
The insurer attempts to support the judgment by relying upon New York Life Insurance Company v. Nespereira, 366 So.2d 859 (Fla. 3d DCA 1979). Admittedly, the factual pattern concerning the long and persistent health problem and the apparent misrepresentations made by the insured in that case are quite similar to those before us in the present controversy. However, Nespereira, is readily distinguishable for two reasons. First, the controversy was disposed of after a trial; and, secondly, that decision was reversed because of the trial court's erroneous ruling that the insurer was placed upon discoverable inquiry regarding the insured's misrepresentations.
For the foregoing reasons, the summary final judgment in favor of the insurer is reversed and remanded for further proceedings.
NOTES
[1] Section 627.409, Florida Statutes (1975) provides:

627.409 Representations in applications; warranties. 
... .
Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
(a) Fraudulent; or
(b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or ... . [emphasis supplied]