MOORMAN, APPELLEE, *v.*
PRUDENTIAL INSURANCE COMPANY OF AMERICA, APPELLANT.

[Cite as Moorman *v.* Prudential Ins. Co. (1983), 4 Ohio St. 3d 20.]

(No. 82-281—Decided March 9, 1983.)

Messrs. *Cross & Turner, Mr. Gerald L. Turner, Mr. Emerson R. Keck* and *Mr. Kevin Swick,* for appellee.

Messrs. *Pickrel, Schaeffer & Ebeling, Mr. Andrew C. Storar* and *Mr. Paul J. Winterhalter,* for appellant.

*Per Curiam.* The sole issue presented is whether the charges for the crowning of teeth as part of the treatment for temporomandibular joint syndrome are excluded from coverage under the exclusionary provision dealing

with "Mouth Conditions" in the insurance contract. For the reasons that follow, this court holds that such charges may be recovered under the terms of the policy.

At the outset, it is apposite to bear in mind that "[a] contract of insurance prepared and phrased by the insurer is to be construed liberally in favor of the insured and strictly against the insurer, where the meaning of the language used is *doubtful, uncertain, or ambiguous." Munchick* v. *Fidelity & Casualty Co.* (1965), 2 Ohio St. 2d 303 [31 O.O.2d 569], paragraph one of the syllabus. (Emphasis added.)

The exclusionary provision in this policy excludes costs of services for "Mouth Conditions" which includes "any treatment of the teeth." Appellant contends that since the crowning of the teeth is treatment of the teeth, the costs resulting therefrom are not covered.

Appellee, while conceding that the services in question *affected* Mrs. Moorman's teeth, nonetheless asserts that the costs for crowning of the teeth are covered because such service constituted treatment of a mispositioned jaw joint, a medical condition covered under the policy. Treatment of the jaw, appellee contends, is clearly distinct from treatment of the teeth.

As these arguments so demonstrate, the relevant exclusionary provision is susceptible of a number of constructions. The ordinary meaning of "treatment," as found in Black's Law Dictionary (5 Ed. 1979), lends support to appellant's interpretation: "A broad term covering all the steps taken to effect a cure of an injury or disease; including examination and diagnosis as well as application of remedies." The record, in contrast, supports appellee's position, for it clearly indicates that crowning of the teeth was one of the specific procedures used toward the cure of Mrs. Moorman's TMJ. Charges for treatment of the teeth are excluded under appellant's policy while charges for the treatment of TMJ are not excluded. Of course, the charges in both instances are for the same service—crowning of the teeth. Clearly, then, there is uncertainty as to whether costs for teeth crowning are ever covered under the policy, and applying the principles set forth in *Munchick, supra,* this court must adopt the construction most favorable to the insured which would allow recovery for teeth crowning where it is done in the course of the cure of TMJ.

This court is also mindful of the holding in *Home Indemnity Co.* v. *Plymouth* (1945), 146 Ohio St. 96 [32 O.O. 30], paragraph two of the syllabus, that:

"Where exceptions, qualifications or exemptions are introduced into an insurance contract, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof." See, also, *American Financial Corp.* v. *Fireman's Fund Ins. Co.* (1968), 15 Ohio St. 2d 171, 173 [44 O.O.2d 147].

The treatment afforded Mrs. Moorman was not specifically excluded from the operation of the policy. Indeed, nothing is mentioned in the "General Exclusions" clause about treatment of a jaw condition which necessitates treatment to the teeth. If it were intended that the exclusion

should apply in this circumstance, then language so extending application of the exclusion could have been incorporated into the policy.

Furthermore, this court notes that this policy contains no definition of the term "doctor," which may or may not include a dentist, or of the term "treatment of the teeth." And, quite clearly, a jaw condition is not a mouth condition.

In arriving at the result herein, this court is impressed by the fact that the crowning of Mrs. Moorman's teeth was not an end in itself. The purpose of this treatment was to relieve the pain caused by the misalignment of her mandibular joint and not to correct a dental or mouth problem. Indeed, there was nothing wrong with Mrs. Moorman's teeth. Had it not been for the jaw condition, her teeth would not have required crowning.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

J. P. CELEBREZZE, J., not participating.