475 So.2d 965 (1985)
BLUE CROSS/BLUE SHIELD OF FLORIDA, INC., a Florida Corporation, Appellant,
v.
Jean MIGNOLET, Appellee.
No. 85-989.
District Court of Appeal of Florida, Third District.
September 10, 1985.
Rehearing Denied October 11, 1985.
*966 Esler & Kirschbaum and Joel Kirschbaum, Fort Lauderdale, for appellant.
High, Stack, Lazenby, Palahach & Lacasa and G. Kirk Haas, Coral Gables, and Milton Ferrell, Miami, for appellee.
Before NESBITT, FERGUSON and JORGENSON, JJ.
NESBITT, Judge.
Blue Cross/Blue Shield of Florida, Inc. (Blue Cross) appeals a final summary judgment entered for Mignolet. We reverse.
Mignolet filed an application for medical insurance with Blue Cross on August 30, 1982. Blue Cross issued a contract of insurance with an effective date of October 23, 1982. On October 25, 1982, Mignolet sought medical treatment for a bunion and hammer toe deformity of both her feet. In November 1982, Mignolet entered a hospital and underwent surgery to correct the bunion and hammer toe deformity. Over $9,000 in expenses were incurred for the treatment. Mignolet presented a claim for these expenses to Blue Cross, but Blue Cross denied the claim.
Mignolet sought relief by filing a declaratory action proceeding against Blue Cross to determine coverage. Blue Cross's answer to the complaint raised a number of affirmative defenses. After substantial discovery, Mignolet filed a motion for summary judgment. In opposition to the motion, Blue Cross relied solely on its affirmative defense of a material misrepresentation in the application pursuant to section 627.409, Florida Statutes (1981).[1] The trial court entered summary judgment for Mignolet and Blue Cross has appealed.
The relevant statute provides:
(1) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
(a) Fraudulent; or
(b) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
(c) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.
§ 627.409, Fla. Stat. (1981). The statute clearly precludes recovery under a policy if *967 a misrepresentation is material to the acceptance of the risk or if the insurer in good faith would not have issued the policy in the terms it was issued, regardless, in most cases, of whether the misrepresentation was made innocently. Life Insurance Co. v. Shifflet, 201 So.2d 715 (Fla. 1967).[2]
On the application form, Mignolet was asked to check the appropriate box as to whether or not she had any of a number of listed conditions. If "yes" was indicated next to any condition, the applicant was to explain the condition in writing, the explanation to be made a part of the application. Next to the condition, "Joint or Bone Disease or Problem," Mignolet marked the box "no." Blue Cross claims that Mignolet was aware of the condition of her feet at the time she filled out the application, and that her failure to indicate she had a joint or bone disease or problem and explain the condition of her feet precludes recovery under the policy for the submitted claim. Blue Cross alleged and argued that the failure of Mignolet to disclose the condition of her feet on the insurance application amounted to a misrepresentation which was material both to the acceptance of the risk and the hazard assumed. See § 627.409(1)(b). In addition, Blue Cross alleged and argued that in good faith, it would not have issued the insurance, would not have issued it at the same premium, or would not have provided coverage with respect to any losses arising from the condition of Mignolet's feet, if the true facts had been known to it. See § 627.409(1)(c).[3]
The deposition testimony of Mignolet's physician clearly indicates that the condition of Mignolet's feet amounted to a joint or bone disease and that the condition would have been obvious to Mignolet on August 30, 1982 when the application was filled out.[4] In addition, the deposition testimony of the supervisor of Blue Cross's underwriting department indicates that if Blue Cross had been aware of Mignolet's foot disorders the insurance contract would not have been issued under the same terms and may well have not been issued at all.
It is quite obvious that Blue Cross has raised a viable defense under section 627.409, Florida Statutes (1981), which has not been conclusively refuted by Mignolet. Accordingly, factual issues remain as to whether recovery should be precluded because of the alleged misrepresentation in the insurance application. See Beneby v. Midland National Life Insurance Co., 402 So.2d 1193 (Fla. 3d DCA 1981).[5] Therefore, the entry of summary judgment was error.
Reversed and remanded for further proceedings.
NOTES
[1] Since this affirmative defense was apparently the only one relied upon by Blue Cross in opposition to the motion for summary judgment, and is the only one argued on appeal, we limit this decision to consideration of whether this defense should have precluded summary judgment. We express no opinion on the viability of Blue Cross's other affirmative defense.
[2] But see National Standard Life Ins. Co. v. Permenter, 204 So.2d 206 (Fla. 1967) (Ervin, J., concurring, joined by a majority of the court) (each situation where an alleged misrepresentation or incorrect statement is advanced to vitiate a policy should be examined to determine whether under the particular circumstances the applicant reasonably could be held responsible for the incorrect statement and whether the insurer is without fault); Continental Assurance Co. v. Carroll, 459 So.2d 443 (Fla. 4th DCA 1984) and cases cited.
[3] Blue Cross has not specifically pled a fraudulent misrepresentation, see § 627.409(1)(a), but does argue such on appeal.
[4] See supra note 3.
[5] See also supra note 2.