NESBITT, Judge.
Pilot Life Insurance Company (Pilot) appeals a final judgment in favor of Rycek in ^ dispute over health insurance coverage. We reverse.
In 1981 Rycek discovered that she was suffering from myasthenia gravis, a neuro-muscular condition which creates abnormal *459 muscle fatigue. Those suffering from the condition experience a decreased ability to chew and swallow which often leads to malnutrition and dental decay. When Ry-cek developed dental problems she was referred to a dentist who outlined a treatment plan.
Rycek submitted the treatment plan to Pilot, her insurer under a group policy. Pilot responded by informing Rycek that the policy did not provide coverage for dental problems unless they resulted from accidental injury.
Rycek brought suit against Pilot seeking money damages for the expenses she had incurred and for the expenses estimated by the dentist in Rycek’s treatment plan. Pilot defended on two grounds: 1) that the dental work is excluded from coverage; and 2) even if there is coverage, it is only for expenses which have actually been incurred, not for prospective expenditures. After a non-jury trial, judgment was entered in favor of Rycek in the amount of $13,570, covering both expenses actually incurred and expenses for proposed future treatment. Because we find that the plain language of the policy excludes coverage for the dental work, we reverse.
The insurance contract provided coverage as follows:
The benefits of the policy are designed to provide, to persons insured, coverage for expenses incurred as a result of injury or sickness.
The policy contained an exclusion provision which stated that:
Benefits will not be paid for expenses:
8. for dental care or treatment, except expenses due to accidental injury to natural teeth.
Clearly coverage for medical expenses incurred as a result of accidental injury to natural teeth survives the exclusion. All other expenses for dental work are excluded. Since Rycek’s dental problems were indirectly caused by a medical condition, myasthenia gravis, as opposed to resulting from accidental injury, coverage for the dental work is excluded. See Bernstein v. Fireman’s Fund American Life Insurance Co., 24 Ohio App.2d 103, 264 N.E.2d 915 (1970) (a similar policy provision excluded coverage for dental problems resulting from an impaired nutritional state caused by primary biliary sclerosis).[1] Accordingly, the judgment under review is
Reversed.
HENDRY, J., concurs.

. We note that this is not a case in which the dental work is a method of treating the underlying condition such as occurs in cases involving temporomandibular joint syndrome. See Goss v. Medical Service, 462 A.2d 442 (D.C.1983); Moorman v. Prudential Insurance Co. of America, 4 Ohio St.3d 20, 445 N.E.2d 1122 (1983). In those cases the dental work corrects the syndrome. Here, there is no evidence that the dental work corrects, or in any way treats, the myasthenia gravis.