544 So.2d 245 (1989)
CELTIC LIFE INSURANCE COMPANY, an Insurance Company, Appellant,
v.
Cynthia L. FOX and Frank X. Fox IV, Appellees.
No. 88-02626.
District Court of Appeal of Florida, Second District.
May 5, 1989.
Rehearing Denied June 5, 1989.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellant.
*246 Daniel B. Schuh of Schuh and Schuh, St. Petersburg, for appellees.
LEHAN, Judge.
We affirm the final judgment which ruled that certain treatment received by appellee, Cynthia L. Fox, is covered under a health insurance policy issued by appellant, Celtic Life Insurance Company.
We agree with the trial court that this case has resolved itself into two issues: "1. whether CELTIC properly cancelled the policy because of misrepresentation on the `enrollment card' or application of insurance; and, 2. whether, assuming the foregoing question is answered in the negative, the Plaintiffs' claim for surgical and hospital expenses incurred by Plaintiff CYNTHIA L. FOX to correct a condition known as temporomandibular joint syndrome (TMJ) falls within the exclusion of the policy relating to `Dental Care.'"
As to the first issue, appellant contends that a misrepresentation occurred from a "No" answer to the first question on the insurance enrollment card which was whether Mrs. Fox had "any disease, disorder, impairment, deformity, injury, or any chronic or untreatable condition whether active or in remission," the answer having failed to disclose the TMJ condition for the treatment of which coverage is now claimed. We agree with the trial court that appellant was not entitled to cancel the policy on that basis. (The final judgment does not directly address the "No" answer to the second question on the enrollment card as to whether she had had "any medical or surgical consultation, advice, treatment, or medication for any condition(s) during the past 24 months." However, the trial court's conclusion, our agreement with which we will explain, as to why her answer to the first question did not entitle appellant to cancel the policy also applies to her answer to the second question.)
We need not decide whether there was such a misrepresentation. Nor need it be determinative that we do not conclude the trial court erred in not finding an inconsistency between the position of appellees that Mrs. Fox's condition had been dental at the time the enrollment card was filled out (and therefore not encompassed within the foregoing enrollment card question which they interpret, apparently in light of the second question on the card quoted above, as referring to medical conditions) and their position that her condition was medical at the time coverage was claimed. Indeed, one of appellant's experts, a dentist, testified to no such inconsistency. (The former position was taken at a time after she had undergone work on her condition by a dentist who aligned her teeth and performed bridge and crown work; the latter position was taken after she had undergone six and one-half hours of work on her condition by a surgeon who operated on her jaw while she was under general anesthesia.)
We conclude that appellant was not entitled to cancel the policy on the basis of the alleged misrepresentation because, as the trial court as the trier of fact in effect found, it does not appear that any answer to the enrollment card question as related to her condition would have been material. Indeed, it may be taken to appear that any such answer would have been immaterial. "The law is well settled that if the misrepresentation of the insured were material to the acceptance of the risk by the insurer or, if the insurer in good faith would not have issued the policy under the same terms and premium, then rescission of the policy by the insurer is proper." New York Life Insurance Co. v. Nespereira, 366 So.2d 859, 861 (Fla. 3d DCA 1979) (emphasis added), paraphrasing portions of section 627.409(1), Florida Statutes (1977), which remained in effect and applicable to the case at hand. See also Blue Cross/Blue Shield of Florida, Inc. v. Mignolet, 475 So.2d 965 (Fla. 3d DCA 1985). In this case the trial court in effect found that appellant's strongly taken position, which had been reinforced by the testimony of three experts on its behalf, showed that the answer to the enrollment card question would not have been material to the appellant in the sense referred to in the above quotation from Nespereira. That is, because the appellant's position was that TMJ *247 syndrome, the type of condition not disclosed on the enrollment card and the treatment for which Mrs. Fox claims coverage, is and has been considered by appellant, and, according to that expert testimony, by others in the insurance industry, to be dental, not medical, and therefore within the dental care exclusion of the policy, no information as to that condition appears material to the appellant's acceptance of risk under the policy.[1] In other words, it was not erroneous to conclude that Mrs. Fox's undisclosed condition had not been considered by appellant to be a risk insured against under the policy. There was no evidence that information as to dental matters would have affected the appellant's acceptance of the risk as to medical matters. Cf. Reserve Life Insurance Co. v. Lomolino, 474 So.2d 1210 (Fla. 4th DCA 1985) (Since portions of health insurance policy issued to a husband and wife were severable as to the coverage of, and premium for, each, misrepresentations on the insurance application as to the condition of the wife were not material to the insurer's acceptance of the risk as to the husband. Accordingly, the insurer could not rely upon the misrepresentations to cancel the husband's coverage, even though the husband signed the application.).
The trial court, therefore, cannot be said to have erred as the trier of fact in choosing to disregard unexplained testimony of a vice-president of appellant that the policy would not have been issued if Mrs. Fox's condition had been disclosed. For present purposes, whether a misrepresentation was, in the words of Nespereira, "material to the acceptance of the risk" appears to be the same as, or at least not significantly different from, whether, also in the words of Nespereira, "the insurer in good faith would not have issued the policy under the same terms and premium."[2]
It matters not in this regard that, as we will explain below, we also conclude the trial court did not err in finding, contrary to the above-referenced expert testimony, that the dental care exclusion was not applicable because the treatment for which coverage is claimed was medical, not dental. The determinative point with respect to whether the answer to the question on the enrollment card was material is whether it was so considered by the appellant. Nespereira.
The final judgment also contains a finding that Mrs. Fox, at the time of filling out the enrollment card, honestly believed she did not have TMJ syndrome on the basis that that condition had been cured by prior dental work. While the fact that a misrepresentation was made innocently does not necessarily defeat an insurer's defense of misrepresentation, see Mignolet, 475 So.2d at 967, that finding, which we cannot say was without foundation in the evidence, was in effect that no fraud could be found to have existed.
As to the second issue, as we have said we agree with the trial court that the treatment of Mrs. Fox's TMJ syndrome condition for which coverage is claimed was not excluded under the dental care exclusion. In this regard we do not conclude there was reversible error in the trial court's rejection of expert testimony that dental care was involved. See Trolinger v. State, 300 So.2d 310, 311 (Fla. 2d DCA *248 1974), cert. den., 310 So.2d 740 (1975); Taylor v. Taylor, 119 So.2d 811 (Fla. 2d DCA 1960). Nor do we conclude there was reversible error in the trial court's finding that the above-described work on Mrs. Fox's jaw by a surgeon concerned a medical condition, not a dental condition within the policy exclusion. See Blue Shield of Florida, Inc. v. Woodlief, 359 So.2d 883, 885 (Fla. 1st DCA 1978) ("`Dental services' in this context [the context of a dental services exclusion in a health insurance policy] must be taken to mean health care services performed directly on teeth."). See also Tait v. Pilot Life Insurance Co., 465 So.2d 888, 890 (La. Ct. App.), writ den., 468 So.2d 1208 (1985) ("Treatment for TMJ syndrome has traditionally been medical."); Simpson v. State Mutual Life Assurance Company of America, 135 Vt. 554, 382 A.2d 198 (1977) (treatment of TMJ did not come within policy exclusion for dental care and treatment). Indeed, even treatment to teeth in furtherance of treatment of TMJ syndrome has been held to be medical treatment that did not fall within a policy exclusion for dental work. See Moorman v. Prudential Insurance Company of America, 4 O.B.R. 17, 445 N.E.2d 1122, 4 Ohio St.3d 20 (1983); Goss v. Medical Service of the District of Columbia, 462 A.2d 442 (D.C. 1983).
Appellant argues, with validity, that the wording of the "dental care" exclusion in the policy in this case is broader than the wording of the exclusions in the policies involved in Moorman and Goss (the argument could apply also to Woodlief, Tait, and Simpson which were not cited in the briefs) because that exclusion, while entitled "Dental Care," also refers to "correction of teeth irregularities and malocclusion of jaws by removal, replacement, or treatment on or to teeth, or any surrounding tissues." (Emphasis added.) However, we do not conclude that the trial court erred in deciding, based upon the natural meaning of the word "surrounding" and notwithstanding appellant's expert testimony otherwise, that the operation on Mrs. Fox's jaw was not on tissues "surrounding" her teeth. Appellant would construe the word "surrounding" much more expansively than did the trial court which characterized the operation on her TMJ condition as on "by definition an upper jawbone problem far removed from teeth." To the extent the word "surrounding" is in this regard open to interpretation and thus ambiguous, it must, of course, be construed against appellant. Woodlief.
Pilot Life Insurance Co. v. Rycek, 498 So.2d 458 (Fla. 3d DCA 1986), cited by appellant, does not call for a different result. Rycek held that a dental care exclusion in an insurance policy precluded coverage for dental problems indirectly caused by a medical condition. However, in that case, in contrast to the case now before us, the dental work for which coverage was claimed was apparently for tooth decay. Indeed and as the trial court noted, Rycek specifically distinguished Moorman and Goss by saying that those cases involved (as does the case now before us) "treating the underlying condition such as occurs in cases involving temporomandibular joint syndrome." 498 So.2d at 459 n. 1.
In summary, appellant cannot prevail on its theory that the policy was cancellable by reason of a misrepresentation through nondisclosure on the enrollment card of Mrs. Fox's TMJ syndrome condition because the evidence supports the factual conclusion that appellant, at the time the enrollment card was filled out, viewed that condition as within the policy's dental care exclusion and therefore not material to appellant's acceptance of risk under the policy. Nor can appellant prevail on its alternative theory that due to the policy's dental care exclusion there was no coverage for the subsequent treatment of her condition, the reason being that we cannot conclude the trial court erred in its legal interpretation that the exclusion was not applicable to that treatment.
Affirmed.
SCHEB, A.C.J., concurs.
HALL, J., concurs in result only.
NOTES
[1] Actually, the trial court found an ambiguity between the position of appellant as to the alleged misrepresentation and its position as to the exclusion because under the latter position such a misrepresentation could not have increased the appellant's risk. The court construed that ambiguity against appellant on the basis that ambiguities should be construed against insurers, thus in effect finding that such a misrepresentation could not be relied upon by appellant to avoid recovery under the policy. By thereby deciding that, due to appellant's position that coverage of treatment for Mrs. Fox's condition was excluded, appellant could not rely upon a misrepresentation as to her condition, the trial court in effect, we conclude, decided that a misrepresentation in that regard was immaterial.
[2] Other potential grounds in section 627.409(1) for prevention of recovery by reason of misrepresentations or nondisclosures, except for the ground of fraud, were inapplicable for the same reasons as we have explained were the grounds specifically referred to in Nespereira's foregoing paraphrase of that statute. As explained below, the trial court found, and was entitled to find, the fraud ground to be also inapplicable.