**522**

Lois BLAIR, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY, Defendant.

No. CIV–90–973–W.

United States District Court,
W.D. Oklahoma.

Jan. 29, 1991.

Gary C. Rhodes, L. Win Holbrook, Tim D. Haggard, Rhodes & Holbrook, Oklahoma City, Okl., for plaintiff.

L.E. Stringer, Oklahoma City, Okl., for defendant.

## ORDER

LEE R. WEST, District Judge.

This matter came on for trial before the Court sitting without a jury on the claim of the plaintiff, Lois Blair, for the recovery of damages under the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461, for the failure of the defendant, Metropolitan Life Insurance Company (Metropolitan Life), to provide medical insurance benefits under a group policy of insurance. Having heard the testimony of the witnesses and the arguments of counsel and having reviewed the parties' exhibits including the depositional testimony of James R. McDonald, D.D.S., the Court makes the following findings of fact and draws the following legal conclusions therefrom. Rule 52(a), F.R. Civ.P.

*Findings of Fact*

1. The plaintiff was employed by Hertz Penske Truck Leasing, Inc. (Hertz), on January 20, 1980. Hertz provided insurance to its employees under a group insurance policy underwritten by Metropolitan Life. The policy included medical benefits and the plaintiff's effective date of coverage was January 20, 1980—the date she was employed by Hertz.

2. On January 8, 1987, the plaintiff began treatment by James R. McDonald, D.D.S., for "temporomandibular joint dysfunction" (TMJ). This condition resulted from an automobile accident in which the plaintiff was involved on June 10, 1978.

3. Monthly (and at times, semimonthly) examinations by Dr. McDonald have continued since January 1987. Completion of treatment is expected during the early months of 1991.

4. The plaintiff's treatment has been a three-phase procedure. Phase I involved the use of a "static mandibular orthopedic appliance" for a six month period. The purpose of this appliance was to stabilize the jaw and joints. Phase II involved the use of orthodontic/orthopedic appliances. The purpose of these devices was to approximate the position of the jaw. Phase III, the current phase, involves posterior reconstruction and use of a nighttime appliance. The placement of two single crowns has also been required. The stated purpose of Phase III is to stabilize the position attained during Phase II.

5. The plaintiff filed a claim for payment of services rendered in Phases I and

II under the group policy of insurance. In her claim, the plaintiff listed

Oral orthopedic appliance $2000.00
Orthodontic/orthopedic fixed and
removable appliances $5000.00

6. This claim was accompanied by a letter from Dr. McDonald, wherein he advised that the cost for Phase III[1] would be as follows:

Posterior reconstruction $12,500.00
Nighttime appliance 750.00

7. The amounts listed by Dr. McDonald for Phase III were considered by Metropolitan Life as "pretreatment estimates" and not as claims for such amounts.

8. Coverage for Phases I and II under the "Medical Expense Insurance" provisions of the policy was denied. Payment in the amount of $108.00 was made by Metropolitan Life under the "Dental Expense Insurance" provisions.

9. The policy which had been distributed by Hertz to its employees and which the plaintiff had in her possession, defined "Covered Medical Expenses" as the

"reasonable charges incurred for the following types of medical services rendered to the Employee ... which are performed or prescribed by a physician or surgeon, subject to the exceptions set forth below...."

10. The policy then listed thirteen types of "Covered Medical Expenses," the first of which read:

"Services of physicians and surgeons...."

11. "Physicians and surgeons" were defined in the policy as only those persons who are "legally licensed to practice medicine." Dr. McDonald stated in his deposition that he does not "have a specific license to practice medicine, referring to the very specific license that an M.D. would have...." Transcript of James R. McDonald (December 14, 1990) at 23.

12. The list of "Covered Medical Expenses" was followed in the policy by a list of those expenses which "shall in no event be considered Covered Medical Expenses." The first such exception read:

"Dental services of any kind except that expenses for dental services required for correction [of] damage caused by accidental injury sustained by the Employee ... while insurance is in force on his account shall not be excluded if they otherwise qualify as Covered Medical Expenses."[2]

13. Leonard Swimmer, an oral and maxillofacial surgeon and part-time consultant for Metropolitan Life, testified that the mere fact that a dentist performs services not mean that such services are "dental services" and he identified various "medical" procedures that are performed by dentists including repair of fractures in the cheek and jaw and treatment of tumors in the mouth.

14. Dr. Swimmer also testified as to the symptoms of TMJ: discomfort, pain, difficulty in opening (and sometimes closing) the jaw, pain in chewing and fatigue in the chewing muscles and to the fact that treatment of this syndrome could involve both medical and dental services.

15. It was Dr. Swimmer's professional opinion, that the types of services performed by Dr. McDonald in this case were dental services and that placement of the orthodontic appliances and crowns were within the expertise of dentist and unique to the special training of dentists.

### Conclusions of Law

1. The group policy of insurance provided by Hertz to its employees is an employee welfare benefit plan and as such, is governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461. Subject matter jurisdiction exists, *id.* § 1132(e), and venue is proper.

---

1. The original treatment plan did not call for the placement of the two single crowns and thus Dr. McDonald's letter did not reflect the cost of such services—$1000.00.

2. Since the plaintiff's accident occurred prior to her employment with Hertz and thus, prior to the effective date of coverage under the policy, the language pertaining to "accidental injury" is inapplicable.

2. The parties have agreed that the Court is to review *de novo* Metropolitan Life's denial of benefits under the Medical Expense Insurance provisions of the policy. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

3. In so doing, the Court, as it stated in its Order of October 3, 1990, concludes that "[t]he term 'dental services' is not defined in the policy and the exclusion pertaining to dental services refers to the services performed, not to the person performing the services. There is no language in the policy to suggest that dental services are only those services performed by a dentist or to suggest that all services performed by a dentist are dental services."

Slip op. at 5.

4. The term "medical condition" is likewise not defined in the policy and the fact that TMJ may be a "medical condition" as suggested by Dr. McDonald is not dispositive of the issue of coverage.[3] This is so, because as Dr. Swimmer testified, treatment for this "medical condition" may include both medical as well as dental services. For this reason, the Court concludes it is the type of service and not the condition which is the determinative factor under the instant insurance policy for purposes of coverage.

5. The Court is mindful of the state law cases submitted by the plaintiff involving TMJ. In those cases, the courts found that the nature of the condition to be treated was the significant factor—not the type of services rendered to treat that condition. As one state appellate court stated,

"[t]he services performed on Mrs. Goss' teeth were directly related to, and required by, the medical condition of Mrs. Goss' jaw. The treatment was not required to, and did not treat any condition of Mrs. Goss' teeth or tooth relationship as Mrs. Goss' teeth were in perfect condition. The only reason this treatment resembles dentistry is the fortuity that Mrs. Goss' teeth were used to support the devices required to stability the position of her jaw."

*Goss v. Medical Services of the District of Columbia*, 462 A.2d 442, 446 (D.C.1983) (footnote omitted). Notwithstanding such authority, and in the absence of any federal authority on this issue, the Court concludes that in the instant case, a preponderance of the evidence shows that the services Dr. McDonald performed were uniquely dental services. Thus, coverage does not exist under the Medical Expense Insurance provisions of the policy.[4] Judgment in favor of Metropolitan Life will issue accordingly.[5]

**3.** Dr. McDonald defined "medical condition" as "one which the body is allowed to heal, as opposed to a dental condition in which, for this case, which healing is not possible. In other words, in healing." Transcript at 18. The Court opines that "tissue healing" can occur as a result of both medical and dental services.

**4.** Under the policy, "medical services"—even if Dr. McDonald's services are so characterized—

must be performed by one "legally licensed to practice medicine" to qualify as a "Covered Medical Expense."

**5.** Because the Court has found that coverage does not exist under plaintiff's Exhibit A, the Court has not addressed the issue of coverage under defendant's Exhibit 10.