707 So.2d 411 (1998)
Martin C. BLEASDELL, Monica B. Bleasdell, et al., Appellants,
v.
UNDERWRITERS GUARANTEE INSURANCE COMPANY, et al., Appellees.
No. 97-1201.
District Court of Appeal of Florida, First District.
March 18, 1998.
Charles R. Steinberg, Orlando, for Appellants.
Paul M. Harden, Jacksonville, for Appellees.
PER CURIAM.
Martin C. Bleasdell, Monica B. Bleasdell, and Leroy Gayle, Appellants, appeal from a final judgment adverse to them in a declaratory judgment action filed by the insurer, Underwriters Guarantee Insurance Company, to determine coverage under an automobile insurance policy issued to appellants. They appeal also from an adverse final judgment in their counter-claim for breach of contract by the insurer. Appellants urge that the trial court erred in ruling that coverage under the policy was voided because of a material misrepresentation by appellants in the application for insurance. Finding no reversible error by the trial court in the entry of judgments and the denial of appellants' post-trial motions, we affirm.
Appellants purchased a Toyota in December of 1994 for Leroy Gayle, Monica Bleasdell's son, for his use while attending college in Virginia. Appellant Martin C. Bleasdell applied for and procured automobile insurance from Appellee through an insurance broker. All three Appellants were listed as drivers on the application for insurance. Gayle, who was a resident of Virginia, provided the broker with a copy of his Virginia driver's license, and Martin and Monica provided copies of their Florida driving permits. Martin and Monica Bleasdell resided in Poinciana, Florida, and Martin listed their home address on the application. In February of 1995, the Toyota was wrecked in an accident, and Gayle filed a claim with Appellee. Appellee denied the coverage on the ground that Appellants had made a material misrepresentation on the application for insurance by listing "home" as the garage location of the Toyota when they knew at the time the application was completed that the vehicle would be used and maintained in Virginia.
After submitting the question of misrepresentation to a jury and receiving the jury's advisory verdict adverse to appellants, the trial judge entered a final declaratory judgment finding a material misrepresentation rendering the policy null and void. In Continental Assurance Co. v. Carroll, 485 So.2d 406 (Fla.1986), the Florida Supreme Court reiterated its holding in Life Insurance Company v. Shifflet, 201 So.2d 715 (Fla.1967), construing the language of section 627.409, Florida Statutes (1963), that misrepresentations *412 in an application need not be knowingly made to void a policy, stating:
The plain meaning of the statute indicates that, where either an insurer would have altered the policy's terms had it known the true facts or the misstatement materially affects risk, a nonintentional misstatement in an application will prevent recovery under an insurance policy.
Continental Assurance, 485 So.2d at 409. Our review of the record persuades us that the insurer met its burden of presenting evidence to satisfy the criteria for avoidance of coverage under the policy in accordance with the statute and the case law interpreting the same.
As for appellants' arguments based upon their claim of "ambiguity" in the language of the application, we note that these same arguments were made below and were rejected both by the trial judge and the jury, and we find no basis upon which to rule differently.
Finally, we turn to appellants' contention that the application for insurance cannot be relied upon by the insurer as the basis for its misrepresentation charge because there was no proof that the form had been approved by the Department of Insurance as required by section 627.410, Florida Statutes (1963). We reject this argument without discussion on the merits because this defense was first raised in the court below in appellants' motion for directed verdict at the close of the plaintiff-insurer's case, and the non-approval of the form by the department was never raised as a defense in the pleadings. Since this was never pled as a defense, the appellee had no obligation to prove that it complied with the statute with respect to filing and approval of its application form. We note also that appellants presented no evidence that the insurer failed to comply with the statute.
Upon consideration of the above and other arguments presented by the briefs and orally before the court, we find no reversible error, and the judgments appealed are accordingly
AFFIRMED.
BARFIELD, C.J., JOANOS, J., and SMITH, LARRY G., Associate Judge, concur.