587 So.2d 500 (1991)
PROGRESSIVE AMERICAN INSURANCE COMPANY, a corporation, Appellant/Cross-Appellee,
v.
Lisa PAPASODERO, Johnathan Blohm, and Magdalena Sepulveda, Appellees/Cross-Appellants.
No. 90-00983.
District Court of Appeal of Florida, Second District.
September 13, 1991.
Michael F. Tew, Tew & Truitt, P.A., Fort Meyers, for appellant, cross-appellee.
Richard A. Barnett, Barnett & Hammer, P.A., Hollywood, for appellees, cross-appellants.
FRANK, Judge.
The instant appeal was initiated by Progressive American Insurance Company as the result of a final declaratory judgment determining that liability coverage must be provided to the insured, Lisa Papasodero, and Jonathan Blohm, the operator of Lisa's automobile. Progressive had sought a declaration that the policy issued to Papasodero was void from its inception because she had made a material misrepresentation that Blohm would not operate the vehicle. Papasodero, in turn, urged the view that Progressive could not deny her coverage based upon its noncompliance with the Claims Administration Statute, section 627.426, Florida Statute (1989). She asserted that Progressive had failed to retain independent counsel mutually agreeable to the parties.[1] The trial court concurred in Papasodero's contention, and also agreed with Progressive that Papasodero had made a material misrepresentation; nevertheless, the court held that Progressive *501 must provide coverage for the claims made because it had failed to comply with the Claims Administration Statute dealing with the retention of an agreed upon attorney. Although we do not disturb either of the trial court's factual findings, we reverse. Under the circumstances before us, the material misrepresentation voided the policy, and thus any misfeasance by Progressive in carrying out the requirements of the Claims Administration Statute was a nullity.
A brief recounting of the pertinent facts bearing upon the issue of material misrepresentation helps to bring that aspect of this matter into focus and to describe the limited factual circumstances upon which our ruling hinges. On May 4, 1988, Lisa Papasodero, with Blohm and Blohm's friend and employer, Mike Santangelo, went to Joe Brickner's Service Insurance Agency to purchase a policy for a used Datsun 280Z that Blohm was buying for her. Ms. Papasodero told Brickner that she was to be the only insured under the policy. At that time she was residing in the same household as Barbara Blohm, Jonathan's mother, and because Barbara Blohm had her own automobile and insurance, she was to be specifically excluded from the policy. An endorsement to that effect was subsequently prepared and issued with the policy. Ms. Papasodero told Brickner that she would be the only driver of the car. Although Blohm had accompanied her to the office to help her complete the application, Blohm advised the agent that he would not be driving the car. That response was to a direct question by Brickner who apparently was somewhat intrigued by the fact that Ms. Papasodero was living with Blohm's mother but not with him.
Six weeks after the policy was issued Jonathan Blohm was involved in an accident while operating the 280Z. He had driven the car at least three times during the period between issuance of the policy and the accident in which he was involved. The Florida Motor Vehicle Registration revealed that the car was titled in the names of Lisa Papasodero or Jon Blohm. This, claimed Papasodero and Blohm, was a mistake. Blohm had bought the car for Papasodero, and their intention was to title it only in her name.
The policy application contained a statement above the applicant's signature that the policy shall be null and void if the information provided in the application were false, misleading, or would materially affect the acceptance of the risk by Progressive. The application further contained a certification that all operators of the vehicle had been reported to Progressive. The policy itself also provided that if any representation contained in the application were false, misleading, or materially affected the acceptance or rating of the risk by Progressive the policy would be null and void from its inception. This provision applied to misstatements of use and omissions of fact.
Section 627.409, Florida Statutes (1987), provides the following regarding misrepresentations and warranties:
(1) ... Misrepresentation, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
(a) They are fraudulent;
(b) They are material either to the acceptance of the risk or to the hazard assumed by the insurer; or
(c) The insurer in good faith would either not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required by the application for the policy or contract or otherwise.
On July 19, 1988, Progressive wrote to both Papasodero and Blohm after concluding that there had been a misrepresentation on the policy application. Progressive found the misrepresentation material. If Blohm had been rated as an additional driver of the insured vehicle, the policy premium would have been fifty-seven per cent more than the premium actually quoted to Ms. Papasodero. Accordingly, from Progressive's standpoint the material misrepresentation voided the policy. After Papasodero *502 and Blohm were served in the personal injury lawsuit, however, Progressive advised them that it would provide a defense under a reservation of rights pending the outcome of a declaratory judgment action involving the question of coverage. Subsequently, a dispute arose concerning whether or not Progressive fulfilled its duty to provide mutually agreeable independent counsel under the Claims Administration Statute, section 627.426(2)(b)3, Florida Statutes. As we explain below, the resolution of that particular issue is not material to the outcome of this appeal.
The finding by the trial court that there had been a material misrepresentation renders the policy null and void from the date of inception. Thus, adherence vel non to the strictures of the Claims Administration Statute is irrelevant. The Claims Administration Statute was not intended to create coverage under a liability insurance policy that never provided coverage. See Country Manors Association, Inc. v. Master Antenna Systems, Inc., 534 So.2d 1187 (Fla. 4th DCA 1988); United States Fidelity and Guaranty Co. v. American Fire and Indemnity Co., 511 So.2d 624 (Fla. 5th DCA 1987). It is true that the effect of the Claims Administration Statute is to bar an insurance company from denying coverage. In this case, however, the insurance carrier is not said to be "denying coverage"; there was no coverage in the first instance. In AIU Insurance Co. v. Block Marina Investment, Inc., 544 So.2d 998, 1000 (Fla. 1989), the Florida Supreme Court stated:
Therefore, we hold that the term "coverage defense," as used in section 627.426(2), means a defense to coverage that otherwise exists. We do not construe the term to include a disclaimer of liability based on a complete lack of coverage for the loss sustained. Under this construction, for example, if the insurer fails to comply with the requirements of the statute, it may not declare a forfeiture of coverage which otherwise exists based on a breach of a condition of the policy. However, its failure to comply with the requirements of the statute will not bar an insurer from disclaiming liability where a policy or endorsement has expired or where the coverage sought is expressly excluded or otherwise unavailable under the policy or under existing law.
Furthermore, a material misrepresentation can render a policy null and void. Continental Assurance Co. v. Carroll, 485 So.2d 406 (Fla. 1986).
Finally, we note that the question of whether a person is an "operator" of a motor vehicle can, in some instances, suggest ambiguities that might exclude entry of a declaratory judgment. See Williams v. General Insurance Co., 468 So.2d 1033 (Fla. 3d DCA), rev. denied, 476 So.2d 673 (Fla. 1985). The trial court recognized that ambiguity but held, correctly, that the direct exchange between the insurance agent and Blohm, in Papasodero's presence and with her consent, was sufficient to allow Progressive to rely on the representation that Blohm was not an "operator" of the vehicle.
Based upon the foregoing, the declaratory judgment is reversed, and this cause is remanded for the trial court to enter judgment in favor of Progressive.
SCHEB, A.C.J., and HALL, J., concur.
NOTES
[1] Section 627.426(2), Florida Statutes (1987), provides:

(2) A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:
(a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery; and
(b) Within 60 days of compliance with paragraph (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than 30 days before trial, the insurer:
1. Gives written notice to the named insured by registered or certified mail of its refusal to defend the insured;
2. Obtains from the insured a nonwaiver agreement following full disclosure of the specific facts and policy provisions upon which the coverage defense is asserted and the duties, obligations, and liabilities of the insurer during and following the pendency of the subject litigation; or
3. Retains independent counsel which is mutually agreeable to the parties. Reasonable fees for the counsel may be agreed upon between the parties or, if no agreement is reached, shall be set by the court.