604 So.2d 854 (1992)
INDEPENDENT FIRE INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
Connie S. Arvidson and Kevin C. Arvidson, Appellees/Cross-Appellants.
No. 91-0996.
District Court of Appeal of Florida, Fourth District.
July 22, 1992.
Rehearing and Clarification Denied October 7, 1992.
*855 Patrick B. Flanagan of Flanagan & Maniotis, P.A., West Palm Beach, for appellant/cross-appellee.
Ronald V. Alvarez of Ronald V. Alvarez, P.A., West Palm Beach, for appellees/cross-appellants.
Charles H. Rubenstein, P.A, Fort Lauderdale, for appellees/cross-appellants.
PER CURIAM.
Appellant, Independent Fire Insurance Company, appeals the trial judge's second amended final judgment. He found that appellant had waived its right to rescind the automobile liability insurance policy issued to appellee, Connie Arvidson (Connie), and that appellant was estopped from rescinding the policy. Appellees cross appeal the trial court's finding that they waived jury trial as to their counterclaim. We reverse the trial judge's findings of appellant's waiver and estoppel, but affirm his finding of appellees' waiver of jury trial. Because we reverse, the remaining issue of the cross appeal need not be addressed.
In December of 1988, Connie filed an application for automobile liability insurance with appellant. The application required the applicant to "List all people in your household (including students and military personnel) who operate any vehicle and any others who regularly operate a vehicle to be insured." Connie only listed herself and indicated that she was married and wanted insurance for two vehicles, a *856 BMW and a pick-up truck. In fact, at the time Connie filed the application, she was not married and there were two adult drivers in her household, her ex-husband Daniel Arvidson (Daniel) and his brother, appellee Kevin Arvidson (Kevin).
Appellant's agent advised Connie at the time she applied for the automobile insurance that to be eligible for a preferred rate, she would have to also qualify for appellant's homeowner's insurance. To qualify for the homeowner's insurance there could be no other adult unrelated to Connie living in her household.
Appellant processed Connie's application and issued her an automobile insurance policy with a preferred rate and a homeowner's insurance policy. In February of 1989, Connie married Kevin and notified appellant's agent of the marriage, both in writing and orally. When appellant's agent requested Kevin's license number, Connie did not give it to the agent because she said Kevin would not be driving because he had broken his foot. Two months later, Kevin was involved in a serious automobile accident.
One of appellant's claims adjusters was assigned to the case and began an investigation to ascertain whether there was coverage under Connie's automobile policy. He determined that there was and appellant made payments under the personal injury protection and collision coverage provisions of the policy. In June of 1989, appellant renewed Connie's automobile policy.
In September of 1989, appellant learned that Kevin and Daniel, both drivers, had been living in Connie's household at the time she originally applied for insurance. Within three weeks of obtaining this information, appellant filed a complaint that sought rescission of the automobile policy, in part, on the ground that Connie made material misrepresentations in her application. The complaint alleged that Connie listed herself as the only member of her household who drove and was the only person who drove her cars. Appellant also cancelled Connie's renewed automobile policy. Appellees filed an answer and counterclaim. The case was tried non-jury.

APPELLANT'S WAIVER OF ITS RIGHT OF RESCISSION
We hold that the trial judge erred when he found that appellant had waived its right to rescind the automobile policy. Our review of the record fails to reveal any substantial competent evidence to substantiate that finding.
An insurer is entitled, as a matter of law, to rely upon the accuracy of the information contained in the application and has no duty to make additional inquiry. New York Life Ins. Co. v. Nespereira, 366 So.2d 859 (Fla. 3d DCA 1979). All statements and descriptions in applications for insurance policies are deemed representations and not warranties and any misrepresentations shall not prevent a recovery under the policy unless they are material either to the acceptance of the risk or the hazard assumed by the insurer. § 627.409, Fla. Stat. (1989).
Appellant presented testimony to the effect that it is material to the issuance of an automobile policy to know the number of adult drivers who are members of an insured's household and to know who will be using the automobiles to be insured.
Waiver is the relinquishment of a known right. Wilds v. Permenter, 228 So.2d 408, 410 (Fla. 4th DCA 1969). Waiver of a known right does not occur absent express or implied knowledge of that which is waived. Gulf Life Ins. Co. v. Green, 80 So.2d 321, 322 (Fla. 1955).
Appellees presented no testimony as to any waiver on appellant's part with respect to Daniel. As to Kevin, appellees argued that appellant should have learned of Connie's misrepresentations within days after the accident had it followed its internal policies. Because Kevin's accident occurred prior to the events appellees contend demonstrate waiver, what took place after the accident is irrelevant to this issue.
At great length, the parties have argued the significance of Connie's telephone call to appellant's agent which advised that she *857 had purchased a new car. The parties disagree as to whether she advised the agent at that time that she had married Kevin. We believe that whether Connie did or not advise the agent about the marriage is also irrelevant to this issue. There is no evidence that Connie told the agent at that time that she had incorrectly answered the questions on the application for insurance. Assuming, arguendo, that Connie did advise the agent that she had recently married Kevin, she did not tell the agent that she was living with Kevin at the time she applied for the automobile insurance. Thus, even after that telephone call appellant had no knowledge of that misrepresentation.
As to applicability of the provisions of the Claims Administration Statute, section 627.426, Florida Statutes (1989), which was discussed at oral argument, we note that our sister court in Progressive American Ins. Co. v. Papasodero, 587 So.2d 500 (Fla. 2d DCA 1991) (citing AIU Ins. Co. v. Block Marina Inv., Inc., 544 So.2d 998, 1000 (Fla. 1989)), has held that:
The finding by the trial court that there had been a material misrepresentation renders a liability policy null and void from the date of inception. Thus, [the insurer's] adherence vel non to the strictures of the Claims Administration Statute is irrelevant. The Claims Administration Statute was not intended to create coverage under a liability insurance policy that never provided coverage.
Id. at 502.
Accordingly, as to this waiver issue, we reverse the second final judgment and remand for the entry of final judgment in favor of appellant.

ESTOPPEL OF APPELLANT'S RIGHT OF RESCISSION
We hold that the trial judge erred when he found that appellant was estopped from rescinding the automobile policy. Appellees failed to prove that they relied on appellant's representations, simply because appellant made no representation upon which appellees could have relied, much less relied to their detriment.
To be entitled to equitable estoppel a party must show that there was a representation as to a material fact that is contrary to a later asserted position, reliance on that representation and a change in position detrimental to the party claiming estoppel caused by the representation and reliance thereon. Kuge v. State Dep't of Admin. Div. of Retirement, 449 So.2d 389 (Fla. 3d DCA 1984).
Appellees argue that they detrimentally relied on appellant's statement that there was coverage by filing claims and submitting to physical examinations. However, we conclude that such reliance, if it is reliance and if it can be considered detrimental, occurred post-accident and would have been irrelevant.
We find no merit to Connie's argument that she relied by doing absolutely nothing in the belief there was coverage. At that point there was absolutely nothing she could have done.
Appellees also argue that Connie could have gone to another insurer and obtained other coverage. If that is their contention, then we believe they failed to show how that coverage would have been retroactive to the date of Kevin's accident and why Connie cannot still obtain that coverage.
Accordingly, as to the estoppel issue, we also reverse the second final judgment and remand for the entry of final judgment in favor of appellant.

APPELLEES' WAIVER OF JURY TRIAL
We affirm the trial judge's finding that appellees waived their right to try their counterclaim to a jury.[1]
Appellees made their demand for jury trial in their counterclaim. Appellant filed its notice for non-jury trial as to its complaint. The trial judge issued his order setting the non-jury trial and attached his uniform pretrial procedure form to the order. Later, appellant filed its unilateral *858 pretrial statement and appellees filed their unilateral pretrial statement. The trial took place four months after the pretrial statements were filed.
A party may waive its right to trial by jury by an affirmative act indicating waiver and the consent of the opposing party. Barge v. Simeton, 460 So.2d 939 (Fla. 4th DCA 1984).
Appellees argue that they never noticed their counterclaims for either jury or non-jury trial, and, in fact, demanded a jury trial. They acknowledge that appellant filed its request for a non-jury trial, but note that appellant only requested a non-jury trial as to the issues relating to rescission and declaratory relief. They also argue that waiver of the right to trial by jury must be in the form of a specific and affirmative stipulation or by announcement made in open court.
Appellant responds that appellees waived their right to trial by jury by the affirmative act of filing a unilateral pretrial statement which listed the issues to be determined at trial. That statement included appellee's claims as set forth in their counterclaim, to wit: breach of contract and the statutory violations of improper notice and unfair insurance practices. Appellee's statement did not include their bad faith claim, however, as appellant points out, appellees have acknowledged that their bad faith claim has not yet accrued.
We agree that appellees waived their right to trial by jury by filing a pretrial statement which included their counterclaims as issues to be decided at the non-jury trial. Appellees' inclusion of their counterclaims as issues to be addressed at that trial indicated appellees wished to try those issues non-jury. Moreover, if the counterclaim issues were not to be tried non-jury, appellees give no reason for having listed those issues in their pretrial statement.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
POLEN, J., and JAMES E. ALDERMAN, Senior Justice, concur.
FARMER, J., concurring specially without opinion.
NOTES
[1] We note that the record shows that appellees did not object to the non-jury trial. However, Independent has not argued that appellees' failed to preserve this issue for appellate review.