QUINCE, Judge.
Nationwide Insurance Company (Nationwide) appeals an adverse verdict following the denial of its motion for directed verdict in this breach of contract case. We reverse the final judgment because the trial court erred in failing to direct a verdict in favor of Nationwide on the issue of a material misrepresentation on the application for insurance.
Barry and Donna Kramer (the Kramers) filed suit to recover damages under their Nationwide automobile policy for losses re- *1142 suiting from the theft of their 1993 Nissan Pathfinder. With the intent of rescinding the Kramers’ policy, Nationwide refunded their premiums and denied the claim based on inaccurate information or alleged material misrepresentations made in the Kramers’ policy application. These misrepresentations included an undisclosed bankruptcy filing, the fact that the Kramers were not Florida residents, and the location of the vehicle— New York. Nationwide moved for directed verdict (as to the rescission claim, Count I of the complaint) based on the materiality of these misrepresentations. The trial court found that the evidence gave rise to factual issues as to whether the Kramers made material misrepresentations about their bankruptcy filing and the location of the risk. We reverse because Nationwide presented un-controverted evidence to establish the materiality of the bankruptcy filing.
There are two policy applications in question in this case. The first application was completed on December 14, 1992, by Herbert Kramer, Barry Kramer’s father. Herbert Kramer completed the application on behalf of, and at the direction of, his son and daughter-in-law. Herbert Kramer testified that his son Barry authorized him to secure the automobile policy while he was out of town. The “closing statement” of the application indicates that neither Barry nor Donna Kramer had filed for bankruptcy within the preceding seven years. However, at trial, both Barry and Donna admitted that they filed for bankruptcy on February 25, 1991. Counsel for the Kramers argued that inaccurate information concerning the bankruptcy could not be imputed to them because the application was completed by Barry’s father, Herbert Kramer. The second policy application was signed by Barry Kramer and contained the same bankruptcy information. Barry Kramer denied reading the application, although there were handwritten notes made by him on the same pages containing the alleged misrepresentations.
On review of a trial court’s ruling on a motion for directed verdict, this court must review the evidence, and inferences which may be drawn therefrom, in a light most favorable to the nonmoving party. See Capi-tano v. CSX Transp., Inc., 698 So.2d 652 (Fla. 2d DCA 1997). Thus, the trial court’s denial of a motion for directed verdict may only be affirmed if there is evidence, or reasonable inferences which may be drawn from such evidence, to support a jury verdict in favor of the nonmoving party. Id. at 654. After applying statutory and decisional law on policy misrepresentations to the facts of this case, we conclude the trial court erred in denying Nationwide’s motion for directed verdict because there was no evidence adduced at trial which would support a jury verdict in the Kramers’ favor.
An insurer’s right to rescind a policy based on material representations is governed by section 627.409, Florida Statutes (1995), which provides in relevant part:
(1) Any statement or description made by or on behalf of an insured ... in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract is a representation- A misrepresentation, omission, concealment of fact or incorrect statement may prevent recovery under the contract or policy only if...
(a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer, (emphasis supplied)
In order for an insurer to rescind an insurance policy based on a misrepresentation, the misrepresentation must only be material; the insurer does not need to establish that it was intentional. See Continental Assurance Co. v. Carroll, 485 So.2d 406, 409 (Fla.1986). Undisclosed information submitted in a policy application is material if the insurer would have altered the terms of the policy had the true facts been known, or if the true facts would have served as a basis for denying the policy application. Id. at 409.
In the present case, Nationwide presented evidence in the form of an affidavit and underwriting standards which established its policy of declining applications of prospective insureds who demonstrate a pattern of “financial irresponsibility.” A person is considered financially irresponsible according to Nationwide’s underwriting standards if *1143 he has a “history of bankruptcy, repossessions, unsatisfied judgments, poor credit history, and/or delinquent payment habits.” Nationwide submitted the affidavit of underwriter Becky Cannon who averred that the Kramers’ application would have been denied if Nationwide had been advised of their prior bankruptcy. This evidence was sufficient to establish the materiality of the misrepresentation; therefore, Nationwide’s motion for directed verdict should have been granted.
We reject the Kramers’ argument that Barry Kramer was unaware of the misrepresentation because he failed to read the policy application. It is presumed that a person who signs a policy application does so with the intent to authenticate it, and become bound thereby. See RLI Ins. Co. v. Collado, 678 So.2d 1313 (Fla. 2d DCA 1996), quashed on other grounds, Almerico v. RLI Ins. Co., 716 So.2d 774 (Fla.1998). Therefore, Barry Kramer’s failure to read the policy application in its entirety prior to signing it does not obviate Nationwide’s right to rescind the policy. See Wimberg v. Chandler, 986 F.Supp. 1447 (M.D.Fla.1997).
For the reasons stated, we reverse the final judgment and remand with instructions to enter a directed verdict for Nationwide.
BLUE, A.C.J., and CASANUEVA, J., concur.