853 So.2d 491 (2003)
GAINSCO a/s/o Fred Stringfellow, Appellant,
v.
ECS/CHOICEPOINT SERVICES, INC., Appellee.
No. 1D02-1308.
District Court of Appeal of Florida, First District.
July 28, 2003.
Rehearing Denied August 29, 2003.
*492 Timothy M. Hartley of Harbsmeier, Dezayas & Appel, LLP, Ft. Lauderdale, for Appellant.
Ana Maria Marin and Carolyn A. Pickard of Murray, Marin & Herman, P.A., Miami, for Appellee.
PER CURIAM.
Appellant Gainsco (General Agents Insurance Company of America, Inc.), seeks reversal of a final summary judgment entered in favor of appellee, ECS/ChoicePoint Services, Inc. (hereafter ChoicePoint), on Gainsco's claim against ChoicePoint for recovery of insurance proceeds paid by Gainsco to its insured, Fred Stringfellow, due to a fire loss. We conclude that the trial court's ruling below was based upon a misinterpretation of the effect of section 627.409(1), Florida Statutes, and that there are disputed issues of material fact that preclude summary judgment for appellee. Accordingly, we reverse.
The underlying facts, briefly, are that appellant employed appellee to conduct an inspection and to verify coverage and insurability of property owned by Stringfellow, who was the insured under a policy recently issued by appellant through its agent. After the destruction of the insured property by fire, appellant paid the insured $400,000 to cover the loss, and filed a complaint for reimbursement against appellee based upon allegations that appellee negligently inspected the wrong property, and consequently failed to report that the insured premises included a nightclub known as "Village Traffic," serving alcoholic beverages. Appellant further alleged that such a nightclub business was a prohibited risk for which coverage would not be provided under appellant's underwriting guidelines, and that appellant relied upon the erroneous inspection report in maintaining coverage under the policy.
In entering the summary judgment below the trial court determined that because the property owner failed to list the nightclub as one of the businesses occupying the insured building the case is governed by section 627.409(1), Florida Statutes. Finding that appellant would not have issued the policy if the nightclub had been listed in the application, the court concluded that appellant could have avoided payment under the policy by invoking the insured's omission or misrepresentation as an absolute defense under section 627.409(1). Having failed to avail itself of this defense, the court reasoned, appellant's payment to its insured was deemed voluntary, and could not be recovered from appellee.
It is apparent that the trial court misapprehended the effect of the statute in light of the facts as thus far disclosed by the record before the court, and case law from this court. While this statute provides, in pertinent part, that a misrepresentation or omission "may prevent recovery" under a policy where material to the acceptance of the risk, or if the insured would not have provided coverage or issued the policy on the same terms, it is clear under case law from this court, cited below, that it is necessary to also consider *493 the policy to determine whether the policy provisions alter the standard for avoidance of coverage based upon misrepresentation or omission. We find that although both the policy, and the above mentioned statute, declare that a policy is voidable if procured by fraud, the policy here voids coverage for a material misrepresentation or omission only if the insured "intentionally" conceals or misrepresents a material fact in procuring the insurance, whereas the statute voids a policy for misrepresentation or omission without regard to whether the same was intentional.
There is no finding by the trial court and nothing in the record before the court that directly or indirectly indicates the existence of fraud or intentional misrepresentation by the insured. On the other hand, appellant presented evidence by deposition and affidavit of its underwriting vice-president to the effect that a listing of the nightclub by business name only (as other business establishments on the premises were listed on the insurance application), without description of the activities carried on by the business, would not have led appellant to determine that "Village Traffic" was a prohibited risk. The same witness also maintained that under the company's established procedures, after an inspection report is received (as in this case), the company no longer relies upon the policy application, but rather relies on the inspection report to determine whether to insure the property, or to cancel a policy already issued.
A summary judgment is appropriate only when it is conclusively shown that there is no disputed issue as to any material fact; and in applying this standard the court must draw every possible inference against the moving party. See e.g., Green v. CSX Transportation, 626 So.2d 974 (Fla. 1st DCA 1993). And although section 627.409(1) might otherwise be invoked as above noted to avoid coverage based upon an intentional misrepresentation which falls within the statute, see Bleasdell v. Underwriters Guarantee Insurance, 707 So.2d 411 (Fla. 1st DCA 1998), the insurance policy is to be given effect, rather than the statute, when it alters the standard for coverage. That is, the parties may "contract-out" or alter the statutory terms by their agreement (so long as it does not contravene public policy), and thereby preclude application of the statutory standard for avoiding coverage. See Kieser v. Old Line Life Insurance, 712 So.2d 1261 (Fla. 1st DCA 1998); Strickland Imports v. Underwriters at Lloyds, London, 668 So.2d 251 (Fla. 1st DCA 1996). As the court emphasized in Strickland, when the insurance policy voids the contract only in case of "intentional" misrepresentation (which is the case here), then the policy provision controls over the statute. To the same effect is our supreme court's holding in Green v. Life & Health of America, 704 So.2d 1386 (Fla.1998), as noted in Kieser, supra, at 1263. We reject the notion that the rule established by the cited cases giving primary effect to policy provisions is distinguishable, as maintained below, based upon whether or not the application for insurance is based upon "information and belief." As noted in Quick v. National Indemnity, 231 So.2d 22 (Fla. 4th DCA 1970), the policy and the application together constitute the contract of insurance.
For the reasons stated, we find that it was error to enter the summary final judgment appealed. The order of final judgment is REVERSED and the case is remanded for further proceedings.
VAN NORTWICK and POLSTON, JJ., and SMITH, LARRY G., Senior Judge, CONCUR.