896 So.2d 922 (2005)
GRG TRANSPORT, INC., Appellant,
v.
CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, et al., Appellees.
No. 3D04-83.
District Court of Appeal of Florida, Third District.
March 2, 2005.
Rehearing Denied April 1, 2005.
*923 Stabinski & Funt and Daniel M. Grissom; and Bambi G. Blum, Miami, for appellant.
Richard A. Sherman and Gregg J. Pomeroy, Fort Lauderdale, for appellee Certain Underwriters at Lloyd's, London.
Before GREEN, CORTINAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The plaintiff, GRG Transport, Inc. ("GRG"), appeals from a final summary judgment entered in favor of defendant, Certain Underwriters of Lloyd's, London ("Lloyd's"). We affirm.
GRG, a cargo-transport company, asked its insurance agent, South Pacific Professional Insurance, Inc. ("South Pacific"), to obtain cargo insurance with policy limits of $250,000 per truck. In December 1998, South Pacific aided GRG's principal, Gabriel Rios, in filling out an insurance application titled "Lloyd's Motor Truck Cargo Proposal Form." Question 16 of the insurance application provides: "Loss experience whether insured or not on All Risks/Broad Form basis from first dollar/with no deductible for past five years." GRG answered "None" to question 16. Moreover, question 19 of the insurance application asks: "Has any insurer within the past 5 years refused to renew or cancelled insurance to applicant." GRG answered "No" to question 19. Further, question 22 states: "I/We hereby declare that the statements and particulars given on this form are true to the best of my/our knowledge and belief...." Based on the information provided by GRG in the insurance application, Lloyd's issued its cargo policy.
GRG's truck was hijacked and cargo valued in excess of $500,000 was stolen. GRG filed a claim with Lloyd's. Lloyd's denied the claim in its entirety, and alternatively, asserted that the policy contained a sublimit which reduced coverage for theft of electronics to $20,000.
GRG filed suit against Lloyd's for breach of contract and declaratory judgment that the $250,000 policy limit was applicable to the theft of its cargo. GRG also sued South Pacific for failing to provide the insurance it requested and for failing to advise it of the sublimit on coverage for the theft of electronics.
In its affirmative defenses, Lloyd's generally asserted that GRG knowingly and intentionally misrepresented information in its insurance application, and therefore, the policy was void ab initio. Thereafter, the trial court ordered Lloyd's to amend its affirmative defenses for more specificity. In its amended affirmative defenses, Lloyd's asserted that GRG misrepresented material facts in question 16 of the insurance application regarding prior losses; that if it would have known of the misrepresentations, the policy would have been declined; and that as a result of the material misrepresentations, its cargo policy was void ab initio. Lloyd's, however, did not assert in its affirmative defenses that question 19 was falsely answered or that *924 GRG misrepresented material facts as to whether any insurer had cancelled or failed to renew an insurance policy within the past five years.
In May 2002, Lloyd's moved for summary judgment arguing that GRG's answer to question 16 was a material misrepresentation of fact which voided the policy ab initio, and alternatively, moved for partial summary judgment arguing that there was a $20,000 sublimit for the theft of electronics. Lloyd's argued that GRG failed to disclose that two of its empty trucks had been stolen while parked overnight at its place of business. In response, GRG's principal, Rios, testified that he understood the question to refer only to cargo losses, and that the theft of the empty trucks was covered by a commercial automobile liability policy.
The trial court denied Lloyd's motion for summary judgment finding that question 16 was ambiguous. The trial court, however, granted partial summary judgment in favor of Lloyd's, finding that the sublimit applied, and that the maximum recovery for the theft of electronics under the sublimit was $25,000 minus the $5,000 deductible, not the policy limit of $250,000.[1]
On June 6, 2002, the insurance agent who placed the commercial automobile liability policy for GRG, Rocio Macia, was deposed. He testified that in 1997, Security National Insurance Company ("Security National") decided not to renew its policy because of the thefts of GRG's empty trucks. Thereafter, GRG applied for insurance coverage with both Progressive and Union American. GRG obtained the policy through Progressive, however, after issuing its policy, Progressive increased the premium. GRG stopped paying the premium on the Progressive policy and thereafter, obtained coverage from Union American. Progressive cancelled the policy for lack of payment.
In August 2003, Lloyd's filed another motion for summary judgment arguing that, based on Macia's testimony, GRG misrepresented material facts when answering question 19 of the insurance application, and therefore, the policy was void ab initio. In support of its motion, Lloyd's submitted the affidavit of Clyde Holliday, a Lloyd's underwriter. Holliday averred that if GRG had revealed that it had been refused renewal or that it was cancelled by a previous insurer, he would have declined to issue the policy. On November 19, 2003, Lloyd's filed Holliday's second affidavit averring that on February 6, 2003, he mailed a reservation of rights letter to GRG asserting the material misrepresentation of question 19 as a ground for denying coverage.
GRG filed a written response to Lloyd's motion for summary judgment. GRG argued that Lloyd's had waived its right to assert as a defense the material misrepresentation of question 19 because it did not timely notify GRG of this coverage defense by registered or certified mail, as required by the Claims Administration Statute, section 627.426(2), Florida Statutes (2003).
Lloyd's motion for summary judgment was heard by the trial court on December 3, 2003. GRG argued in part that it believed that question 19 referred only to cargo loss policies, not to all insurance policies. The trial court granted Lloyd's motion for summary judgment and thereafter, entered final judgment in favor of Lloyd's. GRG's appeal follows.
GRG argues that summary judgment was improperly entered because question 19 of the insurance application is ambiguous. We disagree.
*925 The issue of whether question 19 of the insurance application is ambiguous is a question of a law, and therefore, the standard of review on appeal is de novo. See V & M Erectors, Inc. v. Middlesex Corp., 867 So.2d 1252, 1253 (Fla. 4th DCA 2004); Laboratory Corp. of Am. v. McKown, 829 So.2d 311, 313 (Fla. 5th DCA 2002). After reviewing the entire insurance application and specifically question 19, there is no doubt that question 19 is unambiguous. It clearly requested GRG to disclose whether any insurance company had refused to renew or had cancelled a policy issued to GRG within the past five years.
GRG further argues that even if question 19 is unambiguous, the trial court erred by granting summary judgment in favor of Lloyd's because genuine issues of material fact exist as to the materiality of the misrepresentation. Specifically, GRG argues that the strict standard set forth in section 627.409(1), Florida Statutes (2003), is inapplicable because the insurance application applies the less stringent "knowledge and belief" standard.
Pursuant to section 627.409(1)(a) and (b), any misrepresentation, innocent or intentional, will void an insurance contract if the misrepresentation "is material either to the acceptance of the risk or to the hazard assumed by the insurer" or "[i]f the true facts had been known to the insurer ..., the insurer in good faith would not have issued the policy...." See Nationwide Mut. Fire Ins. Co. v. Kramer, 725 So.2d 1141 (Fla. 2d DCA 1998), review denied, 732 So.2d 327 (Fla.1999); Kaufman v. Mutual of Omaha Ins. Co., 681 So.2d 747 (Fla. 3d DCA 1996); Celtic Life Ins. Co. v. Fox, 544 So.2d 245 (Fla. 2d DCA 1989); Preferred Risk Life Ins. Co. v. Sande, 421 So.2d 566 (Fla. 5th DCA 1982). We agree with GRG that the less stringent "knowledge and belief" standard set forth in the insurance application controls over the strict standard set forth in section 627.409(1). See Green v. Life & Health of Am., 704 So.2d 1386 (Fla.1998)(holding that where insurance application incorporates a "knowledge and belief" standard, the rigid statutory standard set forth in section 627.409(1) is inapplicable); Gainsco v. ECS/ChoicePoint Servs., Inc., 853 So.2d 491 (Fla. 1st DCA 2003); Strickland Imports, Inc. v. Underwriters at Lloyds, London, 668 So.2d 251 (Fla. 1st DCA 1996). Nonetheless, in applying the less stringent "knowledge and belief" standard, the trial court correctly granted summary judgment in favor of Lloyd's where there was no dispute that GRG had actual knowledge of the non-renewal and cancellation. Further, Lloyd's introduced the affidavit of one its underwriters who averred that Lloyd's would not have issued the policy if it would have known of the non-renewal and cancellation. This affidavit was uncontradicted.
GRG further argues that even if its answer to question 19 was a material misrepresentation, Lloyd's could not deny coverage on that basis because it did not strictly comply with the Claims Administration Statute, section 627.426, Florida Statutes (2003), by failing to timely notify GRG of the coverage defense by registered or certified mail. We agree that Lloyd's did not strictly comply with the Claims Administration Statute. However, because GRG's "material misrepresentation renders the policy null and void from the date of inception[,] ... adherence vel non to the strictures of the Claims Administration Statute is irrelevant. The Claims Administration Statute was not intended to create coverage under a liability insurance policy that never provided coverage." Progressive Am. Ins. Co. v. Papasodero, 587 So.2d 500, 502 (Fla. 2d DCA 1991), review denied, 598 So.2d 77 (Fla.1992). See also Independent Fire Ins. Co. v. Arvidson, 604 So.2d 854, 857 (Fla. 4th DCA *926 1992), review denied, 617 So.2d 318 (Fla.1993).
Finally, GRG asserts that because Lloyd's did not raise as an affirmative defenses that GRG misrepresented material facts when answering question 19, Lloyd's was not entitled to prevail as a matter of law on this defense. In its response to Lloyd's motion for summary judgment, GRG argued that Lloyd's had waived its rights to assert this as a coverage defense because it failed to comply with the Claims Administration statute. GRG did not argue that the defense was waived because Lloyd's failed to specifically assert the defense in its affirmative defenses. Therefore, GRG cannot raise this argument on appeal.[2]See Schultz v. Schickedanz, 884 So.2d 422 (Fla. 4th DCA 2004).
The remaining argument raised by GRG is without merit.
Accordingly, we affirm the order under review.
NOTES
[1] GRG also appeals the partial summary judgment entered in favor of Lloyd's. However, based on the disposition of this case, we do not address this issue.
[2] GRG's failure to argue this point in its response was most likely a tactical decision. If GRG would have argued this point, Lloyd's would most likely have moved to amend its affirmative defenses, pursuant to Florida Rule of Civil Procedure 1.910(a), which provides that "[l]eave of court shall be given freely when justice so requires."