VAN NORTWICK, J.
Universal Property and Casualty Insurance Company seeks reversal of a final judgment entered in favor of Jamón A. and Chaka Johnson who prevailed in a breach of contract suit after Universal denied their insurance claim following the discovery of a false statement on the application for insurance. Because, under the policy language at issue here, the policy is deemed void if an insured made false statements, without regard to intent, we reverse.
On March 13, 2008, an accidental fire destroyed the Johnsons’ home. They were insured by Universal Property and Casualty Insurance Company (Universal) and, after the fire, the Johnsons filed a claim with Universal. An investigation ensued and the claim was denied following Universal’s determination that the Johnsons had falsely answered one of the questions on their insurance application. Specifically, the Johnsons had answered “no” to the question: “Have you been convicted of a felony in the last ten years.” In fact, Mrs. Johnson had been convicted of five felonies in July 1998. These felony convictions stemmed from arrests that occurred in October 1995 and September 1997. The initial arrest led to the sentence and a withholding of adjudication. During her probationary period, however, Mrs. Johnson was arrested again; her probation was revoked, she was resenteneed, and an adjudication of guilt entered as to all offenses in 1998. This adjudication occurred eight and a half years prior to the application for insurance.
Following denial of their claim, the Johnsons brought suit seeking damages for breach of contract. Universal filed a counterclaim seeking a declaratory judgment that it was permitted to rescind the insurance contract on the authority of section 627.409(1), Florida Statutes (2007). This statute provides:
(1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and is not a warranty. A misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:
(a) The misrepresentation, omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.
(b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.
Prior to trial, the Johnsons moved for summary judgment arguing that Universal could not rely on section 627.409(1) because it had adopted, by virtue of the language in the insurance contract, a more stringent standard for rescission on the ground of misrepresentation than the statute provides. According to the Johnsons, on the authority of Green v. Life & Health of America, 704 So.2d 1386 (Fla.1998), a party is free to adopt such a standard and the terms of a contract will control over the statute.
The trial court entered a partial summary judgment ruling that, under Universal’s policy language, Universal would be *1034 required to prove at trial that the misrepresentation at issue was intentional and that Universal was entitled to rescind the contract based only upon the commission of an intentional misrepresentation which was material to the acceptance of the risk. The trial court held that the insurance policy, and not section 627.409, was controlling.
At trial, the Johnsons testified that the misrepresentation was unintentional, as they were confused as to when the convictions were actually entered. After the trial court denied Universal’s motion for a directed verdict made at the conclusion of the Johnson’s case in chief, the jury returned a verdict on which it found that the Johnsons did not
knowingly and intentionally [make] a misrepresentation, omission, concealment of fact or an intentionally incorrect statement in their application for insurance which was material to the acceptance of the risk or to the hazard assumed by Universal Property & Casualty Insurance Company[.]
The jury further found
that, if the true facts had been known to Universal Property & Casualty Insurance Company, [it] in good faith pursuant to a policy requirement or other requirement, would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large amount, or would not have provided coverage with respect to the hazard resulting in the loss.
This second finding mirrors the language of section 627.409(l)(b), quoted above.
Universal’s subsequent motions for a judgment notwithstanding the verdict and for a new trial were denied. Thereafter, a final judgment entered in favor of the Johnsons. They were awarded $463,158.89 in total damages, including attorney’s fees, costs and interest.
On appeal, Universal argues that the trial court erred in granting the John-sons’ motion for a summary judgment thereby requiring Universal to prove that the Johnsons’ misrepresentation as to Mrs. Johnson’s criminal history was an intentional misrepresentation before the claim could be denied and the insurance contract voided. In addition, Universal argues that the trial court ultimately should have entered judgment in its favor given the jury’s finding that Universal would not have issued the policy if the truth regarding Mrs. Johnson’s criminal history had been known to it. Universal further argues reversal is required because the jury’s finding of fact that the misrepresentation was unintentional is contrary to the manifest weight of the evidence. We hold this last argument to be without merit. Nevertheless, we agree with Universal that judgment ultimately should have entered in its favor.
The insurance policy provision at issue here provides in pertinent part:
SECTIONS I AND II — CONDITIONS
1. Policy Period. This policy applies only to loss in Section I or “bodily injury” or “property damage” in Section II, which occurs during the policy period.
2. Concealment or Fraud. The entire policy will be void if, whether before or after a loss, an “insured” has:
a. Intentionally concealed or misrepresented any material fact or circumstance;
b. Engaged in fraudulent conduct; or
c. Made false statements;
relating to this insurance.
Universal argues that subsection 2c of the policy provision at issue does not require that the insured’s false statements *1035 be intentional. Universal asserts that, since subsections 2a and 2b do require proof of intent, there would be no need to include subsection 2c in the policy if not for the purpose of rendering the policy void if the insured has made even innocent misrepresentations. Further, Universal submits that under section 627.409(1), Florida Statutes, it was permitted to deny the claim given the misrepresentation, whether intentionally made or not.
The applicable standard of review is de novo. See Chandler v. Geico Indem. Co., 78 So.3d 1293, 1296 (Fla.2011) (when the issue on appeal stems from the trial court’s ruling on summary judgment based upon the interpretation of an insurance contract, the appellate court’s standard of review is de novo).
Insurance contracts are construed according to their plain meaning and, if a policy provision is clear and unambiguous, it should be enforced according to its terms. Taurus Holdings, Inc. v. United States Fid. & Guaranty Co., 913 So.2d 528 (Fla.2005). When a contract of insurance is subject to multiple interpretations, the policy language should be construed liberally in favor of the insured and strictly against the insurer as author of the contract. Flores v. Allstate Ins. Co., 819 So.2d 740 (Fla.2002).
The general rule in Florida is that “a misstatement in, or omission from, an application for insurance need not be intentional before recovery may be denied pursuant to 627.409.” Kieser v. Old Line Life Ins. Co. of Am., 712 So.2d 1261, 1263 (Fla. 1st DCA 1998); Casamassina v. U.S. Life Ins. Co. in the City of New York, 958 So.2d 1093 (Fla. 4th DCA 2007). In Gainsco v. ECS/Choicepoint Servs., Inc., 853 So.2d 491, 493 (Fla. 1st DCA 2003), this court explained that section 627.409(1) allows for the voiding of a policy “for misrepresentation or omission without regard to whether the same was intentional.” This case law relating to insurance policies is consistent with the general principle in contract law that, to obtain rescission of a contract, based upon misrepresentation, it is not necessary that
the party making the misrepresentation should have known that it was false. Innocent misrepresentation is sufficient, for though the misrepresentation may have been made innocently, it would be unjust and inequitable to permit a person who has made false representations, even innocently, to retain the fruits of a bargain induced by such misrepresentation.
27 Williston on Contracts § 69:49 (4th ed.).
We agree with the Johnsons that under Green v. Life & Health of America, 704 So.2d at 1390-91, “parties are free to ‘contract-out’ or ‘contract around’ state or federal law with regard to an insurance contract, so long as there is nothing void as to public policy or statutory law about such a contract.” (Quoting King v. Allstate Ins. Co., 906 F.2d 1537, 1540 (11th Cir.1990)). For example, in Green, the Supreme Court found that, where the insurance application provided that the insured’s answers in the application are “full, true and complete to the best of my knowledge and belief,” the insurer had adopted “a different ‘knowledge and belief standard in its application thereby bypassing the rigid statutory standard” in section 627.409. Mat 1391.
We do not read the insurance policy at issue, however, to impose a more stringent standard for voiding a policy than is provided in the statute. Under section 627.409(1) an insured’s misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the policy if “the misrepresentation, *1036 omission, concealment, or statement is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer.” Thus, under the statute, the “[t]he plain meaning of the statute indicates that, where either an insurer would have altered the policy’s terms had it known the true facts or the misstatement materially affects risk, a nonin-tentional misstatement in an application will prevent recovery under an insurance policy.” Green, 704 So.2d at 1389 (quoting Continental Assurance Co. v. Carroll, 485 So.2d 406, 409 (Fla.1986)). As noted, the policy here provides in pertinent part:
2. Concealment or Fraud. The entire policy will be void if, whether before or after a loss, an “insured” has:
a. Intentionally concealed or misrepresented any material fact or circumstance;
b. Engaged in fraudulent conduct; or
c. Made false statements;
relating to this insurance.
We agree with Universal that, given the language of subsection 2a, subsection 2c would be superfluous if a “false statement” under 2c included only intentionally false statements. A contract is not to be read so as to make one section superfluous, and so “[a]ll the various provisions of a contract must be so construed ... as to give effect to each.” University of Miami v. Frank, 920 So.2d 81, 87 (Fla. 3d DCA 2006); ProTherapy Assocs., LLC v. AFS of Bastian, Inc., 782 F.Supp.2d 206, 212-13 (W.D.Va.2011). Further, a contract will not be interpreted in such a way as to render a provision meaningless when there is a reasonable interpretation that does not do so. Moore v. State Farm Mut. Auto., Ins. Co., 916 So.2d 871, 877 (Fla. 2d DCA 2005).
“Insurance contracts, like other contracts, ‘should receive a construction that is reasonable, practical, sensible, and just.’ ” State Farm Mut. Auto. Ins. Co. v. Fischer, 16 So.3d 1028, 1031 (Fla. 2d DCA 2009) (quoting Gen. Star Indem. Co. v. W. Fla. Vill. Inn, Inc., 874 So.2d 26, 29 (Fla. 2d DCA 2004)). Moreover, “a single policy provision should not be read in isolation and out of context, for the contract is to be construed according to its entire terms, as set forth in the policy and amplified by the policy application, endorsements, .or riders.” State Farm Mut. Auto. Ins. Co. v. Mashburn, 15 So.3d 701, 704 (Fla. 1st DCA 2009). We do not read the language in section 2 of the policy here as creating a contractual right to void the policy that is more stringent that the provisions of section 627.409(1).
Thus, under the policy here and under section 627.409(1), a misrepresentation “need not be fraudulently or knowingly made but need only affect the insurer’s risk or be a fact which, if known, would have caused the insurer not to issue the policy or not to issue it in so large an amount.” Fabric v. Provident Life & Acc. Ins. Co., 115 F.3d 908 (11th Cir.1997) (citing Old Southern Life Ins. Co. v. Kirby, 522 So.2d 424 (Fla. 5th DCA 1988)); see First Nat’l Bank Holding Co. v. Fidelity & Deposit Co. of Maryland, 885 F.Supp. 1533 (N.D.Fla.1995). Accordingly, given the jury’s fact findings, the trial court should have entered a judgment in favor of Universal.
We are not persuaded by the Johnsons’ argument that subsection 2c should be read as referring only to an intentional misstatement on the basis that the broader section in which this subsection is located, section 2, is entitled “Concealment or Fraud,” conduct which the Johnsons assert is always intentional. This court has held that “the headings or subheadings of a document do not dictate the meaning of the entire agreement, especially where the literal language of the heading is contrary to the agreement’s overall scheme.” *1037 Hinely v. Florida Motorcycle Training Inc., 70 So.3d 620, 624 (Fla. 1st DCA 2011); see also Moore v. State Farm Mut. Auto., Ins. Co., 916 So.2d at '875 (“[T]he intention of the parties must be determined from an examination of the entire contract and not from separate phrases or paragraphs.”); Imation Corp. v. Koninklijke Philips Elecs. N.V., 586 F.3d 980, 987 n. 3 (Fed.Cir.2009) (“[T]his court is unwilling to resolve a pivotal issue of contract interpretation based on the tense of section headings where doing so would conflict with the plain reading of operative language elsewhere in the contract.”).
We acknowledge that other jurisdictions have interpreted differently contract provisions similar to the one at issue in the case before us. For example, in the unreported decision of In re Head, 2005 WL 1845098 (Bankr.E.D.Mich.2005), the reviewing court considered the question of whether an untrue statement would render void an insurance contract which provided that the contract would be rendered void if the insured “made false statements.” While the insurer in Head made the argument that the making of a false statement does not require an intent to deceive, the reviewing court held that even the clause “make false statements” requires a “showing of an intent on the part of the insured” before a policy can be voided. 'Id. at 5. See also Flowers v. IDS Property Cas. Ins. Co., 2012 WL 5906728 (E.D.Mich. November 26, 2012), Simms v. Mutual Benefit Ins. Co., 137 Fed.Appx. 594 (4th Cir.2005), and Mendez v. Nationwide Prop. and Cas. Ins. Co., 910 F.Supp.2d 784, 2012 WL 4518987 (D.Md. Sept. 28, 2012).
Florida law differs. As noted, pursuant to section 627.409, the legislature has mandated that “any misrepresentation, innocent or intentional, will void an insurance contract if the misrepresentation ‘is material either to the acceptance of the risk or to the hazard assumed by the insurer’ or ‘[i]f the true facts had been known to the insurer ..., the insurer in good faith would not have issued the policy....’” GRG Transport, Inc. v. Certain Underwriters at Lloyd’s, London, 896 So.2d 922, 925 (Fla. 3d DCA 2005) (bold added; quoting § 627.409); see also Nationwide Mut. Fire Ins. Co. v. Kramer, 725 So.2d 1141 (Fla. 2d DCA 1998); Kaufman v. Mutual of Omaha Ins. Co., 681 So.2d 747 (Fla. 3d DCA 1996); Celtic Life Ins. Co. v. Fox, 544 So.2d 245 (Fla. 2d DCA 1989); Preferred Risk Life Ins. Co. v. Sande, 421 So.2d 566 (Fla. 5th DCA 1982).
In sum, the insurance contract here does not adopt a more stringent standard than what is provided in section 627.409. Thus, because neither the contract nor Florida statutory law requires that a misrepresentation be intentionally made for the contract to be voided, the trial court erred in granting summary judgment requiring that Universal was required to prove an intent to deceive. Further, given the jury’s finding as to the materiality of this misrepresentation, the contract of insurance is void. The judgment is therefore REVERSED.
WOLF and LEWIS, JJ., concur.