# Third District Court of Appeal

## State of Florida

Opinion filed August 18, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1383
Lower Tribunal No. 17-1852
_____

**Jermaine Nembhard and Donnette Nembhard,**
Appellants,

vs.

**Universal Property and Casualty Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

Giasi Law, P.A., and Melissa A. Giasi and Erin M. Berger (Tampa), for appellants.

Groelle & Salmon, P.A., and Andrew A. Labbe (Tampa); and Russo Appellate Firm, P.A., and Elizabeth K. Russo, for appellee.

Before HENDON, GORDO, and BOKOR, JJ.

HENDON, J.

Jermaine and Donnette Nembhard ("Homeowners") appeal from a summary judgment in favor of Universal Property and Casualty Insurance Company ("Universal" or "insurance company"). We affirm.

Relevant Facts and Procedural Background

The Homeowners applied for insurance with Universal in August 2016. The application for insurance required the homeowners to indicate if they had filed any loss claims within the past five years.[1] The Homeowners did not disclose on the application that they had two earlier water loss claims with their prior insurer within the past two years and had collected payments for those claims.

In October 2016, the Homeowners filed a claim for water and roof damage allegedly caused by Hurricane Matthew. Universal accepted coverage and issued payment for the claim in the amount of $1,324.60. The Homeowners disputed the amount. In November 2016, the insurance company cancelled the policy, stating the damage claimed by the Homeowners was not a covered hazard, was not a result of any roof opening caused by the windstorm (one of the policy exclusions), and cited the deteriorated condition of the Homeowners' roof.

---

[1] The application for insurance asks, "Indicate number of losses reported by any prospective insured within the past five years." The Homeowners admit that they checked the box for "none" and did not indicate any previous claims.

The Homeowners subsequently sued Universal for breach of contract. During Universal's investigation of the claim, Universal discovered that at the time the Homeowners applied with Universal, they had had two prior water damage claims in 2015. The underwriting guidelines did not allow an HO3 homeowners policy, such as the one obtained by the Homeowners, to be issued for a property with prior water losses.

Universal then moved for summary judgment alleging there was no policy in effect and thus no future financial recovery was possible for the Homeowners. The Homeowners responded that issues of material fact remained, and that summary judgment was inappropriate as Universal waived the defense of material misrepresentation because it had not raised it as an affirmative defense in its responsive pleading. Further, the Homeowners pointed out that the insurance company paid the claim and accepted further premiums despite its knowledge of the Homeowners' failure to indicate the two prior water loss claims. At that point, they argued, the insurance company could have elected to exercise its right to rescind the policy pursuant to section 627.409(1), Florida Statutes, but did not. The Homeowners argued that Universal's post-loss behavior amounted to waiver of its right to rescind and acted to ratify the Homeowners' alleged misrepresentation in the insurance application.

3

At the conclusion of the summary judgment hearing, the trial court granted Universal's motion, stating;

> Defendant has met the burden of establishing that there is no genuine issue of material fact and that Plaintiffs Jermaine Nembhard and Donnette Nembhard failed to disclose two prior water losses within their application for insurance submitted to Defendant Universal Property & Casualty Insurance Company in connection with policy of insurance number 1501-1604-1960 (the "Policy").
>
> Plaintiffs Jermaine Nembhard and Donnette Nembhard made material misrepresentations, omissions, concealment of fact, or incorrect statements on the application for insurance submitted to Defendant when they failed or refused to disclose two prior water losses reported to Homeowners Choice Property & Casualty Insurance Company during 2015.
>
> The misrepresentations, omissions, concealment of facts, or incorrect statements on the application were material to the Defendant Universal Property & Casualty Insurance Company's acceptance of the risk because it would not have issued the Policy had the true facts been known.
>
> As such, Policy of insurance 1501-1604-1960 ("Policy") issued to Plaintiffs Jermaine Nembhard and Donnette Nembhard is void ab initio.

The Homeowners present three issues on appeal. First, they assert that summary judgment was improper because the insurance company did not plead the defense of misrepresentation, raising this for the first time in its summary judgment motion. Next, they argue that summary judgment was improper because genuine issues of material fact remain as to whether Universal's post-loss behavior waived rescission and materiality.

4

Last, the Homeowners argue that the final judgment was improper because the insurance company's affidavit was insufficient as a matter of law and should have been stricken.

Our standard of review of an order granting summary judgment is de novo. See Major League Baseball v. Morsani, 790 So. 2d 1071 (Fla. 2001); Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126 (Fla. 2000).

On December 31, 2020, the Florida Supreme Court amended Florida Rule of Civil Procedure 1.510, aligning Florida's summary judgment standard with that of the federal courts pursuant to Rule 56 of the Federal Rules of Civil Procedure. In re Amendments to Florida Rule of Civil Procedure 1.510, 309 So. 3d 192 (Fla. 2020). Under this new summary judgment standard, effective May 1, 2021, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The hearing on Universal's motion for summary judgment was held was held in August 2020 and predated both the amendment and effective date of the new summary judgment rule. We therefore review the order on appeal applying the summary judgment standard that existed at the time of the hearing.

5

We first address the Homeowners' argument that it was error to grant summary judgment based on Universal's affirmative defense of misrepresentation raised for the first time in a motion for summary judgment rather than in a responsive pleading, relying on Bank of N.Y. Mellon v. Bloedel, 236 So. 3d 1164, 1166-1167 (Fla. 2d DCA 2018), among others, which holds that issues not raised within the pleadings of a civil controversy are ordinarily deemed waived.

We acknowledge the rule that affirmative defenses must be pleaded either in the answer or as separate affirmative defenses and, if not pleaded, the issue is deemed waived. See Fla. R. Civ. P. 1.140(h)(1). There is, however, an exception to that rule, which is that an affirmative defense can be tried by consent. When an issue is tried by express or implied consent, that issue can be treated in all respects as if it had been raised in the pleadings. Di Teodoro v. Lazy Dolphin Dev. Co., 418 So. 2d 428, 429 (Fla. 3d DCA 1982). More specifically:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend shall not affect the result of the trial of these issues. If the evidence is objected to at the trial

on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice the objecting party in maintaining an action or defense upon the merits.

Fla. R. Civ. P. 1.190(b); Twenty-Four Collection, Inc. v. M. Weinbaum Const., Inc., 427 So. 2d 1110, 1112–13 (Fla. 3d DCA 1983) (stating any issue, whether denominated an affirmative defense or a counterclaim, may be tried by implied consent); Massey-Ferguson, Inc. v. Santa Rosa Tractor Co., 366 So. 2d 90 (Fla. 1st DCA 1979) (same); Paul Gottlieb & Co. v. Alps S. Corp., 985 So. 2d 1, 5 (Fla. 2d DCA 2007) (same).

With that in mind, the record shows that Universal filed its motion for summary judgment on June 12, 2019, in which it asserted the defense of false statement in the insurance application. The summary judgment hearing was held fourteen months later, in August 2020. During that interim, both parties engaged in substantial discovery including the very issue of the Homeowners' omissions in the insurance application, to which fact the Homeowners admitted in their depositions. Once discovery was complete, and two days before the August 20, 2020 summary judgment hearing, the Homeowners filed their full substantive response on the merits

7

and at that time objected to the affirmative defense having been asserted in the summary judgment motion rather than the answer to the complaint.

After fourteen months of discovery that specifically included the issue of the Homeowners' insurance application omission, no one could claim they were surprised. The Homeowners' omission of the prior loss claims had been a theme of discovery for months and was argued at the summary judgment hearing. When an issue is so tried, it is treated in all respects as if raised by the pleadings without the necessity of a motion to amend the pleadings to conform to the evidence. Di Teodoro, 418 So. 2d 428 (Fla. 3d DCA 1982). The trial court determined the issue was before it and ruled on its merits. The Homeowners' procedural objection to the introduction of this issue as being beyond the scope of the original pleadings is form over substance, as there is no dispute regarding the fact that the Homeowners omitted prior loss claim information.

The Homeowners' assert that there is a genuine factual dispute whether their omission on the application was material. We disagree. An insurance company has the right to rely on an applicant's representations in an application for insurance and is under no duty to inquire further, New York Life Insurance Company v. Nespereira, 366 So. 2d 859 (Fla. 3d DCA 1979), unless it has actual or constructive knowledge that such

8

representations are incorrect or untrue. N. Miami Gen. Hosp. v. Cent. Nat'l Life Ins. Co., 419 So. 2d 800, 802 (Fla. 3d DCA 1982) (citing Hardy v. Am. S. Life Ins. Co., 211 So. 2d 559 (Fla.1968); Joe's Creek Indus. Park, Inc. v. Loyal Am. Life Ins. Co., 251 So. 2d 348 (Fla. 2d DCA 1971)); see also Indep. Fire Ins. Co. v. Arvidson, 604 So. 2d 854, 856 (Fla. 4th DCA 1992) (same). The record shows that at the time the Homeowners made their application with Universal, the insurance company did not have actual or constructive knowledge that the Homeowners did not disclose prior water loss claims.

The Florida Supreme Court has held that when an insurer would have altered the policy's terms had it known the true facts, or if the misstatement materially affects risk, a non-intentional misstatement in an application will prevent recovery under an insurance policy. See Cont'l Assurance Co. v. Carroll, 485 So. 2d 406, 409 (Fla. 1986), citing Life Ins. Co. v. Shifflet, 201 So. 2d 715, 719 (Fla. 1967); see also Mut. Fire Ins. Co. v. Kramer, 725 So. 2d 1141, 1142 (Fla. 2d DCA 1998) (holding that in order for an insurer to rescind an insurance policy based on a misrepresentation, the misrepresentation must be material; however, the insurer does not need to establish that it was intentional).

Further, Section 627.409(1), (2020), Florida Statutes, provides:

9

1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and not a warranty. Except as provided in subsection (3), a misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:

(a) The misrepresentation, omission, concealment, or statement is fraudulent or is material to the acceptance of the risk or to the hazard assumed by the insurer.

(b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

Universal indicates in the record that its policy was not to issue that particular (HO3) policy if there were prior claims. On this basis the trial court properly found that the Homeowners' failure to disclose was material. Id.; Continental, 485 So. 2d at 409.

The Homeowners next assert that genuine issues of material fact remain as to whether the insurance company waived its right to rescind the policy by its post-loss actions. They argue that by accepting the claim and issuing payment, and by "accepting premiums despite having actual or constructive knowledge at the time of adjustment of the prior loss claims,"

10

Universal ratified the policy and waived its rescission rights. Neither the record nor Florida law supports this conclusion.

The record indicates that it was Universal's claims department that obtained the underwriting report that revealed the Homeowners' prior losses, and underwriting was not made aware of the prior losses until after the policy had been cancelled. The notice of cancellation was sent to the Homeowners, to the agent, and to the mortgage company. Because the mortgage company had paid the premium for the policy, as a matter of standard procedure the unearned premium was returned to the mortgage company. These facts do not amount to Universal's post-loss "ratification" of the policy or a waiver of its rescission rights.

Under Florida law, Universal could cancel the policy after discovering the Homeowner's omission of prior loss claims. An insurer has the right to unilaterally rescind an insurance policy on the basis of misrepresentation in the application for insurance. Certain Underwriters at Lloyd's London v. Jimenez, 197 So. 3d 597, 601 (Fla. 3d DCA 2016) (citing Fabric v. Provident Life & Acc. Ins. Co., 115 F. 3d 908, 912 (11th Cir.1997). The misrepresentation need not be fraudulently or knowingly made but need only affect the insurer's risk or be a fact which, if known, would have caused the insurer not to issue the policy or not to issue it in so large an

11

amount. Id. (citing First Nat'l Bank Holding Co. v. Fid. & Deposit Co. of Maryland, 885 F. Supp. 1533, 1535 (N.D. Fla. 1995)); see also, Mora v. Tower Hill Prime Ins. Co., 155 So. 3d 1224, 1227–28 (Fla. 2d DCA 2015) (holding the insurer must show that the insured's statement is a misrepresentation, that it is material, and that the insurer detrimentally relied on it).

Finally, we find no merit to the Homeowners assertion that the insurance company's affidavit should have been stricken as insufficient as a matter of law. Even if the insurance company's representative, Mr. Villasenor, did not have personal knowledge of the information or documents to which he attested regarding the Homeowners' omissions on the application for insurance, striking his deposition would have been futile because the Homeowners themselves confirmed and admitted to the omission in their depositions.

For the reasons discussed above, we conclude that summary judgment was proper, and affirm.

Affirmed.